PETER A. HINKLE *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

January 24, 1884.

**Accord and Satisfaction of Claim for Damages for Personal Injury.**—
If one having a cause of action, unliquidated in respect to amount, for a personal injury caused by the negligence of another, and knowing all the facts, demands and receives from the wrong-doer a stated sum of money, on account of the injury, there being no express agreement that it shall be in satisfaction, either in whole or in part, of the cause of action, the presumption is that it was intended by the parties as a full recompense for the injury, and operates as an accord and satisfaction, barring a subsequent action to recover damages for the same injury.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial.

*Merrick & Merrick*, for appellant.

*J. D. Springer*, for respondent.

DICKINSON, J. In June, 1881, the plaintiff, who was in the employ of the defendant as a locomotive engineer, was injured by the breaking down of a turn-table, upon which his engine was standing. After some seven weeks of disability by reason of the accident, he resumed work in the service of the defendant. This action was subsequently commenced to recover for such injuries, which are claimed to have been of a serious and permanent character. The cause of action alleged is negligence of the defendant in respect to the condition of the turn-table. The answer put in issue the responsibility of the defend-

ant for the accident, and the extent of the injury received, and pleaded a settlement and discharge of the alleged cause of action. Upon the evidence presented at the trial the court directed a verdict for the defendant, on the ground that the case showed that the action had been barred by a previous satisfaction of the plaintiff's demand. The correctness of this disposition of the case is called in question by this appeal.

In determining whether the bill of exceptions shows an accord and satisfaction respecting the cause of action here asserted, we disregard the evidence on the part of the defendant, going to sustain the direction of the court below, and which was controverted by the plaintiff. We regard only the evidence of the plaintiff and the undisputed facts. The plaintiff testified to the effect that seven weeks or more after the accident (and which must have been at or subsequent to the time when he had so far recovered from his injuries that he resumed work) he had some talk with the defendant's master-mechanic about paying him (plaintiff) for his lost time and his doctor's bill. He had then incurred and paid physician's charges to the amount of $16. The plaintiff then says: "The company agreed to pay me my doctor's bill, $16, and one-half time, $76.25. I made no claim against the company on account of said accident, at or before the time my wife received the said $91.25, than for said doctor's bill and one-half time." This sum of $91.25 was paid by the defendant to the plaintiff's wife, and he, knowing this fact, acquiesced in the payment as though it had been made to him, by suffering the money to be used in paying household expenses.

It is to be presumed that the plaintiff knew, at the time of this transaction, that he had suffered the physical injury of which he now complains, and that it was occasioned by the defendant's negligence. If in fact the plaintiff did not then know of the negligence of the defendant, and that hence he had a legal cause of action against it, or if any other fact existed which was peculiarly within the plaintiff's own knowledge and which would tend to rebut the conclusion that the payment demanded and received from the wrong-doer on account of the injury was intended to be a recompense for what had been suffered, it was incumbent on the plaintiff to show it. That the plain-

tiff did assert a claim against the defendant for the payment of the sum which was paid is apparent from his own language above recited. It further appears from the plaintiff's testimony that there was no express agreement that the money paid should be in satisfaction, in whole or in part, for the injury. The legal effect of this evidence as showing a satisfaction of the cause of action now asserted is not impaired by the other evidence in the case.

If it had been expressly agreed between the parties that this payment should be in full satisfaction of all right of recovery by reason of the accident, it would have had the legal effect to bar this action. It would have been an accord and satisfaction. The demand being unliquidated, or the right of action being doubtful, the amount of the consideration accepted in satisfaction would not be material. An accord and satisfaction is a contract executed. It consists of an agreement of the parties that some new consideration shall be accepted in satisfaction of an existing demand or cause of action, and the carrying of the agreement into effect by a delivery and acceptance of the new consideration. It is obviously not essential in such a contract, more than in other contracts, that the agreement be expressed. It may be implied from circumstances, clearly and unequivocally indicating the intention of the parties.

The inference to be drawn from the facts we have recited is that the parties intended the compensation which was demanded and paid to be a recompense for the injury suffered. The cause of action existing in favor of the plaintiff was one and entire. Upon the facts now alleged he was entitled to recover, as general damages, compensation for the consequences which, by implication of law, were to be regarded as resulting from the wrong complained of, and, as special damages, for medical attendance and loss of time. It is only as respects the pleadings and the mode of proof that any important distinction exists between these general and special damages, and it is unimportant that the compensation demanded and paid in this case was of what may be termed special damages. The essential fact is that the plaintiff, having been injured by the wrong of the defendant, and knowing his legal right of recovery, demanded from the wrong-doer and received a certain sum of money on account of the injury suf-

fered. The only claim then made was fully satisfied by payment. But one construction can be reasonably put upon this evidence, and that is that the parties intended the sum demanded on account of the accident, and paid in response to such demand, as a recompense for the injury suffered. Such being the intention of the parties, the transaction had the effect of an accord and satisfaction. These facts being undisputed, unexplained, and unqualified, being such as are susceptible of no other reasonable construction than that above indicated, their effect was properly determined by the court without submission to the jury. See *Washburn* v. *Winslow*, 16 Minn. 19, (33.) If the payment by the railroad company had been voluntarily made, and not pursuant to an asserted claim of the plaintiff, or if any other fact had given to it the character of a gratuity, or of a recompense in part only, the result would have been different.

Order affirmed.