LAURA BINGAMAN, Plaintiff, Appellant, v. GUY M. ROSENBOHM et al., Defendants, Appellees; JESSIE NIELSEN, Intervenor, Appellee.

No. 44851.

656

DECEMBER 12, 1939.

Woodford R. Byington and Kimball, Peterson, Smith & Peterson, for plaintiff-appellant.

Cook & Cook, for defendants-appellees.

J. J. Ferguson, for intervenor-appellee.

SAGER, J.—We use the term "plaintiff" to designate Laura Bingaman although she died a year before the decree and judgment was entered against her, and nearly two years before this appeal was taken. We do this for convenience and because the record throughout has it that way.

The original petition herein was filed on May 19, 1934, and an appearance was entered for the defendants. There the case rested until August 23, 1938, when intervenor Nielsen filed her petition claiming to be a successor in interest to the defendants Guy M. Rosenbohm and wife. By amendment, filed on October 26, 1938, intervenor asked that she have judgment against the plaintiff; that plaintiff's petition be dismissed; that the title be quieted in her as against plaintiff; and that she have judgment for costs, and equitable relief. Neither the plaintiff's interests nor those of her heirs in the controversy was represented at the time the decree was entered. During the September, 1938, term the cause was assigned for October 24th. Two days later counsel for plaintiff, being advised that the case was called for trial, told intervenor's counsel that his chief witness, one of the heirs of Laura Bingaman, was away, and that without him the plain-

tiff could not proceed. Counsel further stated that if crowded to trial, he would have to dismiss.

No administrator or executor had up to that time been appointed—at least, the record does not so indicate. This fact seems to have been overlooked by the court and counsel. When the case was reached, intervenor's counsel declined to grant further time, and plaintiff's attorney assumed to dismiss the petition. It is apparent that at this time the attorney had no authority or power to enter such dismissal or to do anything else in the case except to advise the court of the death of his client. He was not then acting for a personal representative of the estate, and the heirs were not in court. The trial court, apparently taking the view that the dismissal was authorized and that the intervenor had the right to proceed, entered its decree not only quieting title against the deceased plaintiff but rendering judgment against her for costs.

Thereupon and during the same term the heirs, and an administrator who apparently meanwhile had been appointed, filed what was designated a motion to set aside the dismissal and to vacate the decree, planting such motion upon section 12787, 1935 Code. We do not overlook the argument which might be made here that chapter 552 of the Code, and the section just cited which is a part of it, has to do with petitions for the vacation of judgments after the term at which they were entered. But that question is not raised here, and we pass it. The term was current at the time the motion was filed, and the record was still in the control of the court. Section 10801, 1935 Code. The court had the power to make such orders as the right of the matter demanded. It should be added that no notice of any kind was given to anyone, and no application for substitution of the parties-plaintiff was asked for or made.

The intervenor resisted the application to vacate the dismissal and to set aside the decree and substitute parties on these grounds (in effect) : That plaintiff's counsel was present when the case was assigned; that, though the plaintiff lived more than three years after she filed her petition, no effort was made to bring the matter on for disposal; that a year had elapsed between the death of the plaintiff and the date set for trial; and that no effort was made on behalf of the plaintiff to have a substitution of parties. By reason of the foregoing, it is argued,

the cause of action was waived; that it had been voluntarily dismissed; and that to sustain the motion would permit "the plaintiff to enter into another period of speculation." What kind of speculation, or where, this defunct plaintiff might engage in, if the fears of the intervenor had been realized, is a subject of curious interest, but we do not take time to pursue the suggested inquiry. The court took intervenor's view and, without giving reasons for such action, overruled the motion. In this we think the court was in error. The attorney who had, up to the time of Laura Bingaman's death, represented her, lost, as we have said, all authority to proceed after his client died; and the court was without jurisdiction to enter a judgment against the interests (or what had been the interests) of plaintiff after her death. As to the obligation to procure a substitution of parties-plaintiff, it would seem to require no argument to show that if intervenor was to take a valid decree against anyone, such person must be brought into court. But nothing was done in that direction and thus there was no party in the case against whom a decree could be entered.

As we have said, the record shows that "plaintiff", who had been dead for 17 months, appealed to this court. It might well be suggested that this leaves us without jurisdiction but we do not take that view for two reasons: First, because the parties treat the cause as properly before us; and the other, that it seems to be a case which invokes the powers granted to this court under Article V, section 4, of the Constitution. No citations are made in the briefs of either party except certain statutes. None are necessary. It should seem to require no argument to demonstrate that rights should not be wiped out or otherwise disposed of without a day in court for those in interest. It follows that the attempted dismissal by plaintiff's attorney was without authority; that the decree in intervenor's favor was not warranted under this record, and should be set aside; that the petition should be reinstated; and that all proper parties be given reasonable notice and opportunity to be heard on the merits.

The case is, therefore, remanded with instructions that the trial court proceed in accordance with this opinion.—Reversed with instructions.

All JUSTICES concur.