WALTER EKLUND v. FLOYD H. EVANS.[1]

October 31, 1941.

No. 32,868.

[1]Reported in 300 N. W. 617.

*Murnane & Murnane,* for appellant.

*Cummins & Cummins* and *Theodore Christianson, Jr.,* for respondent.

PETERSON, JUSTICE.

The complaint alleges that on April 14, 1940, as the result of the negligence of William B. Evans in operating his automobile on a public highway, plaintiff, who was riding therein as a guest passenger, sustained personal injuries and Evans was instantly killed. Plaintiff brings this action against Evans' administrator to recover loss of earnings and medical, hospital, and nursing expenses occasioned by reason of the personal injuries.

Defendant demurred to the complaint. The demurrer was sustained. Plaintiff appeals from the order sustaining the demurrer.

At the time the fatal accident occurred and of the proceedings below the survival of causes of action was governed by Mason St. 1927, § 9656, which provides:

"A cause of action arising out of an injury to the person dies with the person of either party, except as provided in § 9657. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter."

Section 9657 authorizes actions for death by wrongful act after the manner of Lord Campbell's Act.

The question for decision is whether the cause of action alleged in the complaint is, as defendant claims, a cause of action arising out of injury to the person so as to abate under the statute, or, as plaintiff claims, one to recoup plaintiff for injury to his property or estate so as to survive under the second sentence of the statute.

A cause of action is to be distinguished from the remedial rights arising therefrom and the remedies by which such rights are enforced. The cause of action is the legal wrong done to plaintiff by defendant. Every cause of action consists of plaintiff's primary right and defendant's corresponding duty and an invasion of that right or a breach of that duty by defendant by some wrong or delict. The cause of action gives rise to a remedial right in favor of plaintiff against the defendant. This may be a right to specific performance, damages, injunction, or other relief. The remedy is the legal process by which the remedial right is consummated or satisfied. Pomeroy, Code Remedies (5 ed.) §§ 346-348. The cause of action in the instant case is the deceased's negligence—his invasion of plaintiff's rights by breach of duty to exercise due care not to injure him, resulting in plaintiff's personal injuries. King v. C. M. & St. P. Ry. Co. 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 A. S. R. 238; Baltimore Steamship Co. v. Phillips, 274 U. S. 316, 47 S. Ct. 600, 71 L. ed. 1069.

The remedial right for personal injuries caused by negligence is the recovery of compensatory damages. The right to damages is the effect or consequence of the cause of action. Myhra v. Park, 193 Minn. 290, 258 N. W. 515; Cregin v. Brooklyn Crosstown R. Co. 75 N. Y. 192, 31 Am. R. 459. Damages are the award made to a person "because of a legal wrong done to him by another." Restatement, Torts, § 902, comment *a*.

A single wrongful act affecting only one person gives rise to but a single cause of action. The damages recoverable for personal injuries caused by negligence may consist of compensation for numerous items, such as physical pain and suffering, loss of earning capacity, value of time lost on account of injuries, expenses for medical treatment, hospitalization and nursing, and so on. Whatever their nature, the damages recoverable arise out of the cause of action for negligence. Myhra v. Park, 193 Minn. 290, 258 N. W. 515, *supra;* Hinkle v. M. & St. L. Ry. Co. 31 Minn. 434, 18 N. W. 275. See Hyett v. N. W. Hospital, 147 Minn. 413, 180 N. W. 552.

An action to recover one or more of the elements of damages which are allowable as compensation for personal injuries caused by negligence, whether it be the injuries themselves or the consequential damages such as loss of earning capacity, value of time lost on account of the injuries, or expenses for medical treatment, hospitalization, and nursing, is based on the cause of action for negligence. The fact that the plaintiff seeks only part of the damages recoverable does not change the nature of his cause of action. Myhra v. Park, 193 Minn. 290, 258 N. W. 515, and King v. C. M. & St. P. Ry. Co. 80 Minn. 83, 82 N. W. 1113, 50 L. R. A. 161, 81 A. S. R. 238, *supra;* Hydrick v. St. L. I. M. & So. Ry. Co. 118 Ark. 402, 177 S. W. 5, L. R. A. 1916B, 742; Sibley v. Nason, 196 Mass. 125, 81 N. E. 887, 12 L.R.A.(N.S.) 1173, 124 A. S. R. 520, 12 Ann. Cas. 938; Mateer v. Missouri P. Ry. Co. 105 Mo. 320, 16 S. W. 839; Annotation, L. R. A. 1916B, 743.

The statute adopts and affirms the common-law rule that a cause of action arising out of injury to the person dies with the person of either party. Scheffler v. M. & St. L. Ry. Co. 32 Minn. 125, 19 N. W. 656. A cause of action for negligence resulting in injury to the person is one arising out of injury to the person. A cause of action for such negligence is nonetheless one arising out of injury to the person, which dies with the tortfeasor, where the only recovery sought is for loss of earnings and medical, hospital, and nursing expenses. Webber v. St. Paul City Ry. Co. (8 Cir.) 97 F. 140 (Minnesota statute); Young v. Ostrander, 270 Ill. App. 368; State ex rel. National Rfg. Co. v. Seehorn, 344 Mo. 547, 127 S. W. (2d) 418; Vittum v. Gilman, 48 N. H. 416; Boyd v. Sibold, 7 Wash. (2d) 279, 109 P. (2d) 535. It necessarily follows that plaintiff's cause of action died with the decedent.

The cause of action alleged is not one for injury to plaintiff's property or estate. A cause of action for injury to one's property or estate is one for some wrong directly affecting specific property. It is not enough that there has been some general impoverishment of the plaintiff. The negligence here affected plaintiff's person only

and not his property. The fact that plaintiff has sustained the loss of wages or the expenses mentioned does not make the cause of action one for injury to his property or estate. Feary v. Hamilton, 140 Ind. 45, 39 N. E. 516; Russell v. Sunbury, 37 Ohio St. 372, 41 Am. R. 523; Birmingham v. C. & O. Ry. Co. 98 Va. 548, 37 S. E. 17; Pulling v. Great Eastern Ry. Co. L. R. 9 Q. B. Div. 110; 1 C. J. S., Abatement & Survival, § 140, note 18.

The cases cited by plaintiff are not in point. In Bradshaw v. Lancashire & Y. Ry. Co. L. R. 10 C. P. 189, and Potter v. Metropolitan Dist. Ry. Co. 30 Law Times (N. S.) 765, the causes of action alleged were for breach of contract of transportation by a common carrier. The rule of these cases has been much shaken by the decision in Pulling v. Great Eastern Ry. Co. *supra,* where both cases were cited by counsel and the court (L. R. 9 Q. B. Div. 112) expressly distinguished the Bradshaw case upon the ground that "the action was an action of contract." For present purposes that distinction is sufficient. Green v. Thompson, 26 Minn. 500, 5 N. W. 376. In Fowlie v. First Minneapolis Trust Co. 184 Minn. 82, 237 N. W. 846, 78 A. L. R. 589, a husband's cause of action for medical expenses and nursing in connection with his wife's injuries negligently inflicted was held to survive the death of the wife and the tortfeasor upon the ground that the cause of action was one not for bodily injury, but for injury to the husband's property or estate. The wrongdoer's negligence was held to give rise to two causes of action: One in favor of the wife for her personal injuries and the other in favor of the husband for the injury to his property rights, citing Cregin v. Brooklyn Crosstown R. Co. 75 N. Y. 192, 31 Am. R. 459, *supra.* Here there was only one wrong and one cause of action—that for negligence for personal injuries to plaintiff. Hence the Fowlie case is not in point.

Plaintiff argues with singular ability and persuasiveness that the rule that a cause of action arising out of injury to the person dies with the person of either party should be abolished. He

urges that the rule in its present form is simply what remains of the original common-law rule which applied to all causes of action; that recognition of the fact that the reasons for the rule have long since ceased to exist and that the rule caused injustice led to its piecemeal abolition by decision and statute; that so much of the rule as now remains is equally without reason and a cause of injustice; and that the time for its abolition is long overdue. See 3 Street, Foundations of Legal Liability, pp. 64 and 71; Winfield, "Death as Affecting Liability in Tort," 29 Columbia L. Rev. 239; Erickson, "Survival of Personal Injury Actions: A Legislative Proposal," 24 Cal. L. Rev. 716. However persuasive the argument may be, the fact is that our statute has adopted and affirmed the common-law rule against the survival of causes of action for personal injury, thus making it the rule by statute. We do not have the right to grant judgment in defiance of the statute.

. The arguments which have been leveled against the rule have not been in vain. Subsequent to the decision below the legislature enacted L. 1941, c. 440, § 1, Mason St. 1941 Supp. § 9656, providing in effect that a cause of action for negligence arising out of injury to the person shall survive where the tortfeasor dies, and abolishing the rule against survivorship in cases like the instant one. At least so far as concerns the question whether the rule should obtain in such cases the curtain has been rung down finally. But the rule where the person wronged dies has been continued as it has been. The process of piecemeal abolition of the rule thus continues. It unmistakably discloses a legislative intention that change of the rule shall be accomplished, if at all, by legislative action.

Our conclusion is that plaintiff is asserting a cause of action for injuries to his person, and that the cause of action died with the tortfeasor.

Affirmed.