STATE OF IOWA, appellee, v. ROBERT CUNNINGHAM RUTLEDGE, JR., indicted as ROBERT C. RUTLEDGE, appellant.

## No. 47601.

(Reported in 50 N.W.2d 801)

202

OPINION DENYING REHEARING.

JANUARY 8, 1952.

R. S. Milner, of Cedar Rapids, and Miller, Davis, Hise & Howland, of Des Moines, for appellant.

Robert L. Larson, Attorney General, Don Hise, formerly Assistant Attorney General, Wm. W. Crissman, formerly County Attorney of Linn County, and D. M. Elderkin, formerly Assistant County Attorney, for appellee.

OLIVER, J.—Defendant was indicted and tried in Linn County for murder. He was convicted and it was adjudged that he be confined in the penitentiary for a term of years, and pay the costs of prosecution. He appealed from that judgment. April 4, 1951, the decision of this court affirming the judgment of the trial court was filed herein. It is reported in this volume, page 179, 47 N.W.2d 251.

May 3, 1951, within the thirty days allowed for filing a petition for rehearing, an instrument entitled "Petition for Rehearing" was filed in this court. It recites, in part:

"Come now the undersigned Miller, Davis, Hise & Howland, attorneys at law of Des Moines, Iowa, and attorneys of record in the above entitled cause for the defendant and appellant, Robert Cunningham Rutledge, Jr., and respectfully petition this court for a rehearing of this cause for the reasons hereinafter stated."

The petition states defendant died April 5, 1951, the day after the judgment of the trial court was affirmed by this court. A certified copy of the Certificate of Death, attached to the petition, recites the cause of death was suicide.

The petition continues:

"The undersigned respectfully petition this court to set aside and withdraw the opinion filed herein and, in lieu thereof, to determine and adjudge that the proceedings herein abated, ab initio, for the following reasons:"

(Continuing, in substance): Where a defendant in a criminal case dies while an appeal from his conviction is pending in this court the proceedings abate, ab initio, by reason of such death. At the time of defendant's death his appeal was still pending in this court. By reason of such death the only matters remaining for disposition herein relate to the costs taxed herein and the bail bond filed by defendant; the estate of defendant is not liable for the costs and the bail bond is exonerated by his death.

At the same time (May 3) said attorneys also filed herein their "Motion and Application to set aside and withdraw opinion and, in lieu thereof, determine that this cause abate, ab initio, that appellant's estate is not liable for the costs herein and that the bail bond herein be exonerated." This instrument makes substantially the same recitations as the petition for rehearing. The relief asked is that referred to in the above quoted title.

The State filed motion to strike and also resistance to the Petition for Rehearing, and resistance to the Attorney's Motion and Application.

I. The motion of the State to strike the petition for rehearing is based in part upon the general rule (which has some exceptions not here material) that the death of the client terminates the relation of attorney and client and the attorney's

authority to act by virtue thereof. Bingaman v. Rosenbohm, 227 Iowa 655, 288 N.W. 900; 5 Am. Jur. 282, Attorneys at Law, section 37; 7 C. J. S., Attorney and Client, section 113. Under that rule the attorneys who had represented defendant in his appeal were without authority to file a petition for rehearing for defendant after his death. It may be observed able counsel were aware of this and petitioned for a rehearing on their own behalf rather than on behalf of the decedent.

However, they were not privileged to file such petition on their own behalf because they were not parties to the appeal. It is the general rule that a petition for rehearing may be maintained by parties to the record only. 4 C. J. S., Appeal and Error, section 1429; 3 Am. Jur. 348, Appeal and Error, section 801. And the language of Iowa Rule of Civil Procedure 350, which governs all rehearings, inferentially limits such privilege to parties to the appeal.

Moreover, the petition for rehearing filed herein does not assert the decision of this court upon appeal was not correct in result or was erroneous in any particular. It is based entirely upon defendant's death after the decision. As a matter of fact, it is not a petition for rehearing and is improperly designated as such. State v. Lozier, 200 Iowa 652, 660, 204 N.W. 256, 259, states:

"It is well settled that a new case cannot be made on a petition for rehearing, and that matters cannot be then insisted upon that were not presented on the original submission."

That is the general rule. 3 Am. Jur. 346, Appeal and Error, section 798; 24 C. J. S., Criminal Law, section 1830.

We conclude the so-called Petition for Rehearing is vulnerable to the several objections made in the State's motion to strike and that the motion to strike it should be sustained.

II. Consideration will now be given the Motion and Application of Attorneys Miller, Davis, Hise and Howland. This motion suggests the death of defendant April 5, 1951. It is contended in the motion and controverted in the resistance of the State that such death abated the action ab initio. State v. Kriechbaum, 219 Iowa 457, 464, 258 N.W. 110, 113, 96 A. L. R. 1317, is the leading Iowa case bearing upon the question. In that case

defendant died before this court had decided his appeal. The decision states:

"The judgment below could not become a verity until the appellate court made it so by an affirmance. If the appeal had been sustained, all the proceedings in the trial below would fall. The question of defendant's guilt was therefore necessarily undetermined at the time of his death."

■ In the case at bar defendant died after this court affirmed the judgment of conviction. This affirmance is a conclusive adjudication against defendant of all questions raised or which might have been raised in the appeal. 24 C. J. S., Criminal Law, section 1945c. However, it is contended the judgment of affirmance was not final at the time of defendant's death because the time for filing a petition for rehearing had not then expired. An answer to that contention is, defendant's death terminated his privilege or that of any other person to petition for a rehearing for him and thereafter no valid petition for rehearing could have been filed in his behalf. Therefore, the application of the attorneys to withdraw the decision or determine the action abated should be overruled.

■ III. The application asks also the exoneration of defendant's bail bond. That matter, in the first instance, is for the determination of Linn County District Court, and will not, at this time, be considered by this court. See State v. Bahne, 79 Iowa 472, 44 N.W. 711.

The Petition for Rehearing is Ordered Stricken, a Rehearing is Denied, and the Motion and Application of the attorneys who represented defendant is Overruled. The court costs are merely incidental to the proceeding and are ordered taxed to defendant.

All JUSTICES concur except SMITH, J., not sitting, and THOMPSON, C. J., who takes no part.