EDWARD BERGUM v. HANNAH PALMBORG, EXECUTRIX,
SUBSTITUTED FOR CARL A. PALMBORG, DECEASED.[1]

May 22, 1953.

No. 36,040.

*Hall, Smith & Hedlund,* for appellant.
*Marshall S. Snyder,* for respondent.

PER CURIAM.

Defendant moves to dismiss this appeal on the ground that no proper service of the notice thereof was ever made by plaintiff.

Plaintiff instituted the action in the district court of Hennepin county. The jury there returned a verdict in his favor. Subsequently, on motion of defendant, the trial court ordered judgment for defendant notwithstanding the verdict. This judgment was entered November 22, 1952. On December 10, 1952, defendant died. On January 10, 1953, plaintiff caused notice of appeal to be served upon Mr. Gilbert Carlson who, with Mr. Marshall Snyder, had represented defendant in the action. On March 9, 1953, Hannah Palmborg was appointed executrix of defendant's estate and, as such executrix, substituted as defendant in the present proceedings. On March 11, 1953, as such defendant she retained Mr. Marshall Snyder as her attorney herein. On March 31, 1953, the records and briefs on appeal were served on him as attorney for the substituted defendant. Subsequently he petitioned this court for an extension of time in which to file his answering brief on respondent's behalf. This petition was denied, and the appeal set for hearing here May 28, 1953.

On May 4, 1953, Mr. Snyder served plaintiff with the present motion to dismiss the appeal. The ground therefor as stated therein was that this court lacked jurisdiction because defendant had never been served with the notice of appeal; that defendant's death had terminated the authority of Mr. Carlson and Mr. Snyder to act on his behalf; that when the notice of appeal was served upon Mr. Carlson, as above outlined, neither he nor Mr.

[1]Reported in 58 N. W. (2d) 722.

Snyder had authority to accept service thereof; that Mr. Snyder became eligible for such service only upon his appointment as attorney for the substituted defendant; and that subsequent thereto he had never been served with the notice of appeal.

We are of the opinion that the motion must be denied. It is true that the authority of an attorney to act for clients terminates with the death of the latter (Basman v. Frank [Mo.] 250 S. W. [2d] 989; State v. Rutledge, 243 Iowa 179, 50 N. W. [2d] 801; Bingaman v. Rosenbohm, 227 Iowa 655, 288 N. W. 900; Corson v. Lewis, 77 Neb. 446, 109 N. W. 735; Moyle v. Landers, 78 Cal. 99, 20 P. 241; McCormick v. Shaughnessy, 19 Idaho 465, 114 P. 22, 34 L.R.A.[N.S.] 1188; Kelly v. Riley, 106 Mass. 339; 5 Am. Jur., Attorneys at Law, § 37; 2 R. C. L., Attorneys at Law, § 31), and that, hence, under ordinary circumstances the service of the notice of appeal herein was inadequate. However, we feel that the acts of the newly substituted defendant and her counsel subsequent to the service of the notice of appeal upon Mr. Carlson constituted a ratification of the latter's authority to accept such service. Upon her direction, Mr. Snyder, after he had been retained as her attorney, commenced preparation of her brief and petitioned for an extension of time in which to file it here. Such acts would not be consistent with defendant's present contention that no proper service of the notice of appeal had been made. Her instructions to Mr. Snyder and his compliance therewith constituted an adoption and ratification of the services and the work performed in her name for the appeal, even though she had not given specific approval of the service upon Mr. Carlson. 5 Am. Jur., Attorneys at Law, § 71; 75 C. J. S., Ratification, p. 608, and cases cited. Because of these facts, we conclude that the present motion should be denied.

The motion to dismiss the appeal is denied.