ERAINE R. WITTHUHN, SPECIAL ADMINISTRATRIX OF ESTATE OF EVERETT WITTHUHN, v. MERLE C. DURBAHN AND ANOTHER.

157 N. W. (2d) 360.

March 15, 1968—No. 40,720.

*T. H. Wangensteen,* for appellant.

*Peterson & Holtze* and *Theodore N. Treat, Jr.,* for respondents.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the district court dismissing plaintiff's cause of action.

This case arises out of an automobile accident. On December 1, 1963, Everett Witthuhn was a passenger in a car driven by his brother Warren. While stopped at an intersection, the Witthuhn car was struck from behind by a car driven by defendant Mary Durbahn and owned by her husband, defendant Merle C. Durbahn. Everett Witthuhn apparently sustained rather serious injuries in the collision and brought an action against the Durbahns alleging negligence consisting of excessive speed and improper control. He asked for general damages of $25,000, medical expenses of $1,100, and lost income amounting to $1,200.

On June 16, 1966, before the case came on for trial, Everett Witthuhn met death in a drowning accident. So far as appears from the record, his death was not related to his earlier injuries. Thereafter, defendants made a motion to dismiss the action on the ground that Everett Witthuhn's death terminated the action. Plaintiff, Everett Witthuhn's wife and the administratrix of his estate, takes her appeal from the order granting that motion. The only issue presented is whether the trial court erred in deciding that the death of plaintiff's decedent necessitated dismissal of the action. Plaintiff argues that the action survives as to the medical and hospital expenses and loss of income.

Defendants point out that plaintiff failed to make a motion to substitute parties as required by Rule 25.01(1), Rules of Civil Procedure. However, it is to be noted that Rule 25.01(1) does not limit the time

within which the motion to substitute must be made. Thus, plaintiff could make such a motion on remand if her position is upheld on the merits. Accordingly, lack of motion for substitution does not, at this stage of the proceedings, justify the order for dismissal.

Passing to the merits, it is apparent that the trial court correctly dismissed the action. Minn. St. 573.01 provides as follows:

"A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02 [the wrongful death section]. * * * All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter." [1]

Plaintiff attempts to avoid the first sentence of § 573.01 by arguing that the damages here sought are damages to decedent's wife and family, and hence that the action is separate from the original action brought by decedent.[2] The short answer to this is that the wife here stands as administratrix of decedent's estate. She is maintaining the suit, not on her own behalf, but as the representative of his estate. As such she stands in his shoes and is subject to limitations which apply to the claim which he instituted.

Plaintiff next argues that the damages sought are damages to property rights, as distinguished from personal rights, as costs incurred or income lost diminish the estate. But this argument looks to the effect

---

[1] This section has been affected by L. 1967, c. 158, approved April 12, 1967, which amended §§ 573.01 and 573.02. Section 573.02, subd. 2, now provides that if a person is personally injured by the wrongful act of another and then dies from a cause unrelated to the injury, a trustee may maintain an action for special damages arising out of the injury. Section 573.02, subd. 4, provides that the section shall not apply to causes of action arising before its enactment and, therefore, the act is not applicable in this case.

[2] Plaintiff cites the case of Fowlie v. First Minneapolis Trust Co. 184 Minn. 82, 237 N. W. 846, 78 A.L.R. 589, which is not controlling here. In Fowlie we held that a husband's cause of action for medical and nursing expenses incurred in attempting to cure his wife of injuries negligently inflicted survives the death of the wife and the negligent wrongdoer.

of the injury rather than its nature. An action for negligence such as the present case is one for "injury to the person." Eklund v. Evans, 211 Minn. 164, 300 N. W. 617. Section 573.01 denies survival to causes of action "arising out of an injury to the person." A claim for relief based on negligence "arises out of" that injury regardless of the nature of the relief sought. Doctor bills, no less than pain and suffering, "arise out of" personal injury. If the claims did not "arise out of" the injury, the causal link between conduct complained of and relief sought which is necessary to a negligence action would be absent, and plaintiff would fail to make out a case for relief. The Eklund case, holding under a similar statute that an action of the type here involved does not survive, clearly recognizes the common source of all claims based on a single act of negligence (211 Minn. 167, 300 N. W. 619):

"An action to recover one or more of the elements of damages which are allowable as compensation for personal injuries caused by negligence, whether it be the injuries themselves or the consequential damages such as loss of earning capacity, value of time lost on account of the injuries, or expenses for medical treatment, hospitalization, and nursing, is based on the cause of action for negligence. The fact that the plaintiff seeks only part of the damages recoverable does not change the nature of his cause of action."

Plaintiff argues strongly that denying survival to claims of this nature is unjust, and she urges, accordingly, that Eklund be overruled. We may agree that the denial is out of step with present-day notions; the Eklund court obviously viewed it with disfavor. 211 Minn. 168, 300 N. W. 620. But it is a denial clearly required by the statute. The Eklund result is the only one consistent with the language of § 573.01. Regardless of the personal predilections of the court, it does "not have the right to grant judgment in defiance of the statute." 211 Minn. 169, 300 N. W. 620.

It follows that the trial court correctly dismissed the action.

Affirmed.