**William J. GAYKEN, Plaintiff,**

v.

**Merle Elmer NELSON and Ralph R. Brunner, Special Administrator of the Estate of Kenneth Dale Broich, Deceased, Defendants.**

No. 4–67 Civ. 393.

United States District Court
D. Minnesota,
Fourth Division.

Feb. 14, 1969.

Mott, Grose, VonHoltum & Hefferan, by Clint Grose, Worthington, Minn., for plaintiff.

James A. Reding, St. Paul, Minn., for defendant Nelson.

Sahr, Kunert & Tambornino, by Paul Kunert, Minneapolis, Minn., for defendant Brunner.

NEVILLE, District Judge.

Plaintiff, a South Dakota resident, commenced a diversity action in this court in December, 1967 for personal injuries. As a truck driver he became involved in two separate accidents, one in Minnesota in November, 1965, the other in Iowa in December, 1965. He joined as defendants in this one action the drivers of the two other vehicles which at separate times and places came into collision with his truck.

■ Plaintiff died in November 1968 before trial of the case. Plaintiff's counsel states, and all counsel agree, that death occurred from a "cause unrelated to those injuries" received in either of the 1965 accidents. Both defendants now move the court for a dismissal on the basis of Minn.Stat. § 573.01 which provides in part:

> "A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in section 573.02."

Opposing this, plaintiff's counsel urges that Minn.Stat. § 573.02 Subd. 2 permits plaintiff's representative or trustee to maintain an action for "special damages arising out of such injury if the decedent might have maintained an action therefor had he lived." [1]

Defendants, in response, point to Minn. Stat. § 573.02 Subd. 4 as defeating plaintiff's contention in this regard. This section in referring to 573.02 Subd. 4 provides:

> "This section shall not apply to any death *or cause of action* arising prior to its enactment, nor to any action

or proceeding now pending in any court of the state of Minnesota." [Emphasis added]

Subdivision 2 became effective and applicable on April 13, 1967. Decedent's cause or causes of action arose in 1965. Defendants therefore must prevail and their motions to dismiss must be granted.

■ A federal court sitting in a diversity case is bound to apply the law of the state wherein it sits. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Consequently, if plaintiff's case will not lie in the state courts, it cannot be maintained in this court. The state court has construed these statutes in Witthuhn v. Durbahn, 279 Minn. 437, 157 N.W.2d 360 (1968). Although in that case both the injury and the death from an unrelated cause occurred prior to April 13, 1967 (the applicable date of Subd. 2), the decision holds that the cause of action referred to in Subd. 2 arises out of and at the time of the negligent injury and accident and not out of a subsequent death from unrelated causes. The fact that in the case at bar the plaintiff's death occurred after April 13, 1967 is therefore quite immaterial. The death did not give rise to nor create any cause of action. The cause or causes of action, if any, for both general and special damages arose in 1965 when both defendants allegedly were guilty of negligence and proximately caused plaintiff's personal injury as well as his medical, hospital and related expenses, including perhaps his lose of wages. The 1968 "unrelated" death expunged or terminated a claimed existing cause of action under Minn.Stat. § 573.01, unless Subd. 2 can be said to have kept it alive. Subdivision 2 would have done just exactly that were it not for the express language in Subdivision 4, which we cannot ignore, to the effect that Subd. 2 does not apply to causes of action arising prior to its effective date. Plain-

---

1. Section 573.02 Subd. 2 provides in full:
"When injury is caused to a person by the wrongful act or omission of any person or corporation and the person thereafter dies from a cause unrelated to those injuries, the trustee appointed in subdivision 3 may maintain an action for special damages arising out of such injury if the decedent might have maintained an action therefor had he lived."

tiff's case falls in this latter category. Had the accident occurred after April 13, 1967, the action would lie.

While the court may feel, as did Justice Gallagher in *Witthuhn supra*, that "denying survival to claims of this nature is unjust," it recognizes that such has been the law for many years; and that the legislature's attempt to remedy this by enacting Subdivision 2 above expressly prohibited its retroactive application so as not to cover such cases as the one at bar.[2]

A separate order of dismissal has been entered.

2. This ruling of the court renders unnecessary a decision on the questions as to whether plaintiff properly acquired jurisdiction over one of the defendants who became deceased and was then a resident of Iowa by obtaining the appointment by the Probate Court of Nobles County, Minnesota of a special administrator of his estate (which order later was vacated by the same court) and serving process on him; nor need the court decide the further question as to whether wage loss as distinguished from loss of earning power constitutes special damages rather than general damages within the meaning of the term as used in Subd. 2 above quoted. Also, it would accomplish no purpose for plaintiff's counsel now to proceed to obtain the appointment of a representative or trustee for the deceased plaintiff.