Orville L. BROWN, Jr., by Evelyn I. Brown,
His Mother and Next Friend, Appellant,

v.

Alfred ROBERTS et al., Appellees.

No. 55254.

Supreme Court of Iowa.

March 28, 1973.

McCarville, Bennett & Ferguson, Fort Dodge, for appellant.

Hurlburt, Blanchard, Cless & Porter, Des Moines, Joy, Poffenberger & Joy, and Shirley, Smith & Shirley, Perry, for appellees.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

We affirm the ruling of the trial court which sustained a special appearance in this personal injury suit. The factual claims of the plaintiff are of limited importance to our determination because of the ruling appealed from.

In August of 1965 Alfred Roberts (defendant-owner) was the owner of property upon which it is claimed he caused or allowed to be constructed a go-cart track which was open to the public.

Orville L. Brown (plaintiff), then a minor, was driving a go-cart on the track and Jerry Duane Hutchins was driving another go-cart owned by Floyd Hutchins. The plaintiff was thrown from his go-cart when it hit an obstruction on the track. He was then struck by the Hutchins go-cart. Plaintiff's mother brought this action for extensive and serious injuries to the plaintiff. The action was brought in August 1967 against the defendant-owner and against both the driver and owner of the other go-cart. The claims against the Hutchinses are not involved in this interlocutory appeal.

Apparently because one defendant was in military service the matter was delayed so

that it was subject to dismissal for want of prosecution in December of 1969. On motion the trial court continued the matter until the first calendar quarter of 1970. Nothing further took place in the action until September 1970. Defendant-owner died September 8, 1970. On October 14, 1970 the second notice to creditors was published by Emma Roberts, the executor of defendant-owner's estate. On August 18, 1971 the estate was closed and the executor was discharged. On September 21, 1970 the law firm which had represented plaintiff asked leave to withdraw and filed a withdrawal September 29, 1970.

During the time the estate was open a new attorney for plaintiffs appeared in this action and, after first moving for a continuance, filed on July 7, 1971 a certificate of readiness for trial. Counsel who had represented defendant-owner promptly filed a document denominated "Suggestion as To The Death of Defendant Alfred Roberts." This document noted the death of defendant-owner and asserted the case should not be assigned for trial until there had been compliance with section 611.22, The Code. ' That section prescribes a procedure to implement the survival of actions statute, section 611.20, The Code. Section 611.22 provides in part:

"(i)f such is continued against the legal representative of the defendant, a notice shall be served on him as in the case of original notices."

Such a notice was not served upon Emma Roberts, the executor, until August 19, 1971, the day following her discharge upon the closing of the estate. No claim was filed in the estate by the plaintiff as required by Code section 633.410 and no notice was served upon the executor as required by Code section 633.415.

I. A controlling difficulty for plaintiff lies in the provisions of section 633.415, The Code, which now provides in part as follows:

"Any action pending against the decedent at the time of his death that survives, shall also be considered a claim filed against the estate if notice of substitution is served upon the personal representative as defendant within the time provided for filing claims in section 633.410; *however, this provision shall not bar parties entitled to equitable relief · due to peculiar circumstances*. A copy of the proof of service of notice of such proceedings shall be filed in the probate proceedings but shall not be jurisdictional." (Emphasis supplied)

The italicized portion quoted above was added by way of an amendment in the Acts of the Second Session 64th General Assembly in chapter 1128. It of course was not a part of the statute at any time material herein.

We do not wish to be understood as intimating the words added to the statute by this amendment would have rescued the plaintiff. At the same time we believe and hold their absence from the statute at the time in question concludes the matter adversely to the plaintiff. If plaintiff had available "equitable relief due to peculiar circumstances" many obstacles would have remained. Our views on equitable relief were detailed under a similar provision in section 633.410. See In re Estate of Zimmerman, 160 N.W.2d 502 (Iowa 1968). No claim can be made for equitable relief under the statute in effect at the time. Accordingly plaintiff is foreclosed by reason of the wholesale failure to comply with the requirements of the statute.

II. Statutory provisions prescribing the time within which proceedings must be undertaken to revive or continue an action are often called special statutes of limitations.

"Ordinarily, such a statute, if applicable, must be complied with in order to obtain an effective revivor. It is a general rule that a failure to apply for revival within the time prescribed by statute is fatal; the suit abates and is · subject to dismissal

* * *." 1 C.J.S. Abatement and Revival § 179(b), page 230. See also 1 Am.Jur.2d, Abatement, Survival and Revival, section 125, page 138.

 Plaintiff's failure of timely compliance with the provisions of section 633.415 was fatal to the attempted revival or continuance of the action.

III. Revival is sometimes held to be effected by consent. 1 C.J.S. Abatement and Revival § 178, page 226; 1 Am.Jur.2d, Abatement, Survival and Revival, section 119, page 134. Plaintiff argues a document filed in this action, although denominated a special appearance, was in fact a general one amounting to consent for continuance of the action. The firm filing the pleading had been counsel of record for defendant-owner during his lifetime and were also attorneys for the executor in his estate.

■ It is unnecessary to reach the question of whether the pleading was a general appearance. It did not mention the executor or claim to be filed in her behalf. It could not bind defendant-owner because it followed his death. The relationship of attorney and client is terminated by the death of the client and the authority of the attorney is at an end. State v. Rutledge, 243 Iowa 201, 50 N.W.2d 801.

■ IV. For another reason the notice given defendant-owner's former executor was insufficient. She was discharged before she was served with any notice. The notice was therefore ineffective to bind the estate. See 1 C.J.S. Abatement and Revival § 162, page 216.

V. The plaintiff did not proceed under rule 15, R.C.P., which provides "(a)ny substitution of legal representatives * * *, permitted by statute, must be ordered within two years after the death of the original party. * * *." We have not considered the question of whether rule 15 would authorize a procedure to seek, for the time

specified, a judgment which would not necessarily be a claim in the estate.

The trial court was right in holding the action not continued or revived.

Affirmed.