129 Nev., Advance Opinion 53

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RONNIE DANELLE BRASS,<br>Appellant,<br>    vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 56146<br><br>**FILED**<br><br>JUL 25 2013 |

Motion for abatement of conviction.

*Motion denied; remanded.*

David M. Schieck, Special Public Defender, and JoNell Thomas, Deputy Special Public Defender, Clark County,
for Appellant.

Catherine Cortez Masto, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and David L. Stanton and Nancy A. Becker, Deputy District Attorneys, Clark County,
for Respondent.

---

BEFORE THE COURT EN BANC.

## OPINION

By the Court, DOUGLAS, J.:

Ronnie Brass was convicted of conspiracy to commit kidnapping and murder, first-degree kidnapping, and first-degree murder with the use of a deadly weapon. Brass timely appealed, but he died before his appeal was decided. Brass's attorney filed a suggestion of death

and a motion for abatement—arguing that this court should abate the conviction and remand the case to the district court with instructions to dismiss the charging document. However, no party has been properly substituted as Brass's personal representative.

We consider whether an attorney may file a substantive motion on a deceased client's behalf in a criminal case when a personal representative has not been substituted as a party to the appeal. We determine that an attorney lacks authority to act on the deceased client's behalf in those circumstances; thus, we deny counsel's motion for abatement. Further, we conclude that if a party dies pending a review of his appeal, the appeal will be dismissed unless the decedent's personal representative is substituted in as a party to the appeal within 90 days of the decedent's death.

## DISCUSSION

Brass's counsel raises a novel issue regarding the appropriate remedy when a criminal defendant dies while his appeal from a judgment of conviction is pending. There are three possible approaches in that situation: (1) abatement of the judgment *ab initio*, (2) no abatement and the appeal may be prosecuted, and (3) no abatement and the appeal may not be prosecuted. *Abatement of State Criminal Cases by Accused's Death Pending Appeal of Conviction—Modern Cases*, 80 A.L.R. 4th 189 (1990). But we decline to consider the issue at this time based on our conclusion that the motion for abatement is not properly before this court.

Generally, counsel cannot act on a deceased client's behalf. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985) (citing Restatement (Second) of Agency § 120(1) (1958)); *United States v. Chin*, 848 F.2d 55, 57 (4th Cir. 1988). Rather, only a properly substituted

personal representative of the deceased party may bring a motion on the decedent's behalf.[1]  NRAP 43(a)(1) governs the substitution of parties where a party has died while an appeal is pending:

> If a party dies . . . while [an appeal] is pending in the [Nevada] Supreme Court, the decedent's personal representative may be substituted as a party on motion filed by the representative or by any party . . . . A party's motion shall be served on the representative in accordance with Rule 25.  If the decedent has no representative, any party may suggest the death on the record, and the court may then direct appropriate proceedings.

As this court observed in *Walker v. Burkham*, "[u]pon the death of a party . . . the [action] cannot proceed until someone is substituted for the decedent . . . ." 68 Nev. 250, 253-54, 229 P.2d 158, 160 (1951) (interpreting former Supreme Court Rule 9, a precursor to NRAP 43).

It has been almost one year since counsel suggested Brass's death upon the record.  NRCP 25(a)(1), like NRAP 43(a)(1), allows a personal representative to substitute for a deceased party; however, NRCP 25(a)(1) establishes a limitation on the time for filing a motion for substitution.  Under NRCP 25(a)(1), a substitution motion must be filed within 90 days of the decedent's death being suggested upon the record,

---

[1]If a party to an action dies while the action is pending before any court, NRS 7.075(1) requires the attorney who represented the decedent in the pending action to "file a notice of death and a motion for substitution of a party with the court" within 90 days of the person's death.

otherwise, "the action shall be dismissed as to the deceased party."[2] An unlimited time frame for substitution under NRAP 43 is inconsistent with Nevada's interest in the finality of judgments. Consistent with these interests, a motion under NRAP 43 must be filed within a reasonable time after the decedent's death has been suggested on the record. Given the similarities between NRCP 25(a) and NRAP 43(a)(1), we conclude that the time limit set forth in NRCP 25(a)(1) sets a reasonable limit on substitution motions based on a party's death. We now clarify that when a criminal defendant dies after a notice of appeal has been filed, a personal representative must be substituted for the decedent within 90 days of his death being suggested upon the record; otherwise, this court will dismiss the appeal and the decedent's conviction will stand.

Here, this court's process caused the delay in filing the motion for substitution. So, *in this instance only*, we extend the time for filing the substitution motion until 90 days after this opinion is filed. Further, we determine the substitution motion must be filed with the district court because the determination of a proposed personal representative's eligibility may involve fact-finding. We are not a fact-finding court; thus, the district court is best suited to determine who can substitute for the deceased appellant. *See Wade v. State*, 115 Nev. 290, 294, 986 P.2d 438, 441 (1999) (citing *Zugel v. Miller*, 99 Nev. 100, 101, 659 P.2d 296, 297 (1983)).

---

[2]We recognize that, by its terms, NRCP 25(a) only applies in civil cases and that this is a criminal appeal. Nonetheless, criminal judgments carry civil consequences. Also, the court system's need for party input and timely adjudication is no less in criminal than in civil cases.

Accordingly, we allow 90 days from the date of this opinion for the limited purposes of determining Brass's proper personal representative and for the representative to file a motion for substitution with this court, pursuant to NRAP 43. If no personal representative is substituted within the allotted time, we will dismiss the proceedings on appeal.

_____, J.
Douglas

We concur:

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A