STATE OF CONNECTICUT *v.* JAMES RAFFONE, SR., ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, JS.

Argued March 2—decided April 20, 1971

*Gilbert H. Winnick,* for the appellants (named defendant et al.).

*Edwin F. Raffile, Jr.,* for the appellant (defendant Arcangelo).[1]

*Jerrold H. Barnett,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, *Richard P. Sperandeo, David B. Salzman, Robert K. Walsh, Dennis F. Gaffney* and *John J. Kelly,* assistant state's attorneys, for the appellee (state).

THIM, J. This case concerns the theft of a semi-trailer loaded with tires and antifreeze from the Sears, Roebuck and Company store in Hamden, and the theft of a truck and plumbing supplies from Allied Distributors, also in Hamden. The thefts

---

[1] Counsel appeared to apprise the court that James Arcangelo died on January 8, 1971.

occurred in November, 1966. Fourteen days after the Sears theft, and three days after the Allied theft, the three defendants, James Raffone, Sr., James Raffone, Jr., and James Arcangelo, were arrested in Milford by the Hamden police. Each was charged with two counts of larceny under General Statutes § 53-63. Following a trial, the jury returned a verdict finding each of the three defendants guilty on two counts of larceny under § 53-63— one count each for the theft from Sears and one count each for the theft from Allied. James Arcangelo moved for "Judgment Notwithstanding The Verdict Or In The Alternative To Set Aside The Verdict." The motion was denied, and judgment was rendered on the verdict. From that judgment the defendant Arcangelo has appealed, claiming as error: the denial of his motion to set aside the verdict; the court's refusal to give certain charges; the giving of certain charges by the court; the refusal of the court to find certain material and supported facts; the finding by the court of certain facts without evidence; the court's admission into evidence of specified testimony and exhibits; the overruling of certain exceptions to the charge; the court's refusal to find certain material facts relevant to the motion to suppress; the finding of certain evidence in relation to the motion to suppress; the reaching of certain conclusions in regard to the motion to suppress; and the overruling of certain claims of law on the motion to suppress.

After the trial, but before the hearing on appeal, the defendant Arcangelo died. This presents a somewhat unusual situation. After the hearing, at which counsel conceded that Arcangelo's appeal was moot, we were apprised of the ruling in *Durham* v. *United States,* 401 U.S. 481, 91 S. Ct. 858, 28

L. Ed. 2d 200. Since the issue concerning the proper disposition of an appeal by a defendant who dies while that appeal is pending was neither briefed nor argued before us, we decline either affirmatively to adopt or reject the majority rule there enunciated. Rather, due to the death of Arcangelo, the appeal, as to him, is dismissed as moot, as conceded by counsel.

This result creates another unusual situation. The state and the defendants stipulated that the outcome of Arcangelo's appeal would be conclusive as to all three defendants. Clearly, this was not the intention of the parties to the stipulation which recites that its purpose was to consolidate the appeals and submit but one record on appeal. Were this stipulation to be followed literally, its effect would be to purport to require this court to affirm an improper conviction of another defendant because the selected appellant was properly convicted, or reverse a proper conviction of another defendant because the designated appellant was improperly convicted. Since the record is complete as to both Raffones, and since counsel has fully briefed their contentions, we consider the merits of their appeals as they have been presented.

Since one of the issues is the denial of a motion to set aside the verdict, in order to avoid unnecessary duplication we will recite the evidence as found in the appendices to the briefs, rather than as found in the finding, although we will consider the appropriate finding where required by the issues raised. See *State* v. *Tropiano,* 158 Conn. 412, 416, 262 A.2d 147, cert. denied, 398 U.S. 949, 90 S. Ct. 1866, 26 L. Ed. 2d 288; *State* v. *Mortoro,* 157 Conn. 392, 393, 254 A.2d 574; *State* v. *Gyuro,* 156 Conn. 391, 397, 242 A.2d 734, cert. denied, 393 U.S. 937, 89 S. Ct.

301, 21 L. Ed. 2d 274. As to the motion to set aside the verdict, the evidence must be given the construction most favorable to sustaining the jury's verdict; *Tucker* v. *Halay,* 156 Conn. 633, 634, 242 A.2d 730; *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748; but the verdict must be set aside if the evidence was insufficient to justify the jury in finding guilt beyond a reasonable doubt. *State* v. *Kelsey,* 160 Conn. 551, 553, 274 A.2d 151; *State* v. *McGinnis,* 158 Conn. 124, 129, 256 A.2d 241.

The basic facts are substantially uncontested. On November 9, 1966, the Sears store in Hamden reported the theft of a number of snow tires and a number of cases of antifreeze. The stolen merchandise had been stored in a semitrailer which was parked against the rear of the store. The merchandise was stolen by taking the entire semitrailer. The semitrailer was found in Hartford. On November 23, 1966, Allied discovered that a truck and a quantity of copper tubing and plumbing supplies were missing. On November 26, 1966, acting on telephone information, a Hamden police captain apprehended James Raffone, Sr., James Raffone, Jr., and James Arcangelo as they were pulling into the front of the Milford Auto Wrecking Company. James Raffone, Sr., was driving a Standard Motor Freight, Inc., truck, and James Raffone, Jr., and James Arcangelo were passengers in the truck. The three men left the truck and began to walk away. The men were then stopped by the police, returned to the truck, and there arrested and advised of their constitutional rights. The police captain asked James Raffone, Sr., to open the back of the truck and he did so. In the truck were approximately twenty Sears tires, copper tubing,

gutters, tools, lead ingots and leaders. The three men and the truck were then taken to the Milford police department. The three men were questioned separately by the police. A search warrant was obtained for a garage owned by Mrs. Mary DeLucia, Arcangelo's mother-in-law. At the request of the police, after a telephone call to him, Arcangelo arrived home and the police then opened the garage, which was not locked.

We look first at the ruling on the motion to suppress. The defendants claim that all of the evidence seized in this case was obtained in violation of their rights because it was seized without a search warrant, and because the arrests were not lawful. A police captain testified that on November 26, 1966, he received telephone information that Raffone, Sr., was operating a Standard truck in the vicinity of Milford, and that the truck contained tires stolen from Sears in Hamden. This was speedy information, and is thus a ground for arrest under General Statutes § 6-49. The only question is, "was he justified in accepting it as a basis for acting on it." *State* v. *Carroll*, 131 Conn. 224, 231, 38 A.2d 798. Raffone, Sr., was already a suspect, as a result of reliable information received on November 11 or 12, 1966. The telephone informant had stated that a truck was being operated by Raffone, Sr., on route 1 in the vicinity of Milford; that the truck was a Standard truck; and that it was silver in color. Once that information proved to be accurate, it was reasonable for the police officer to believe that the last part of the information, that the truck contained tires stolen from Sears, was also true. See *Whiteley* v. *Warden*, 401 U.S. 560, 567, 91 S. Ct. 1031, 28 L. Ed. 2d 306. The arrest was thus lawful under § 6-49. There was also probable cause to arrest

the others found with Raffone, Sr., since it was not unreasonable to assume that they were parties to at least one of the then continuing crimes of larceny or receiving stolen goods.

As to the search, it was incident to a lawful arrest, and was thus proper. *State* v. *Purvis,* 157 Conn. 198, 204, 251 A.2d 178, cert. denied, 395 U.S. 928, 89 S. Ct. 1788, 23 L. Ed. 2d 246. Further, under the recent case of *Chambers* v. *Maroney,* 399 U.S. 42, 52, 90 S. Ct. 1975, 26 L. Ed. 2d 419, the police captain had probable cause to search the vehicle. The fruits of that search were clearly admissible and the motion to suppress was properly denied. This holding also answers the defendants' claims concerning the admission of the evidence found as a result of the arrest and search.

The state offered evidence to prove: That the semitrailer contained 595 tires and 185 cases of antifreeze; that the Allied building was broken into; that the coils of copper tubing in the Standard truck were stamped with the name Allied Distributors and had been stolen on November 23, 1966; that the Sears tires in the Standard truck had been stolen from Sears on November 9, 1966; that James Raffone, Sr., stated that he had purchased the tires, but that he later denied having so stated; that James Raffone, Sr., and James Arcangelo told different stories about how they happened to be together in the truck; that James Raffone, Jr., was uncooperative and refused to answer any questions; that the goods found in the Standard truck were those stolen from Sears and Allied; that 190 Sears snow tires and five cases of Allstate (Sears) antifreeze were found in the garage owned by Arcangelo's mother-in-law; that the tires and the antifreeze found in the garage were part of those stolen

from Sears on November 9, 1966; and that Arcangelo was the only one who used the garage.

The state also offered evidence attempting to prove that Arcangelo had missed an appointment with an employee of his on the night of November 8, 1966, and that the same employee had unloaded new Sears tires and antifreeze into the garage from a pickup truck belonging to James Raffone, Sr. The employee, however, disclaimed knowledge of the date of the missed appointment and denied ever having unloaded new tires, or any antifreeze, from the pickup truck. The testimony, therefore, by a police detective, which related that the employee had stated that the appointment was on November 8, and that he had unloaded new Sears tires and cases of antifreeze, was admissible only to impeach the credibility of the employee, and not as proof of the actions described therein. *Schurgast* v. *Schumann,* 156 Conn. 471, 482, 242 A.2d 695; *Sears* v. *Curtis,* 147 Conn. 311, 316, 160 A.2d 742. The jury were so charged.

We turn next to the claim of the defendants that the verdicts should have been set aside, since the discussion of that assignment of error will answer several of those assignments which relate to the charge. From the evidence which was presented to the jury, and viewing it most favorably as regards the claims of the state, it is clear that the jury reasonably could have found: That Sears and Allied were broken into and that merchandise valued at over $2000 was taken from each establishment; that James Raffone, Sr., James Raffone, Jr., and James Arcangelo were arrested and charged with the theft; and that Raffone, Sr., when apprehended, had, in his possession in the truck, twenty Sears snow tires and other merchandise which was similar to that

stolen from Allied, some of which was stamped with the name "Allied Distributors." From the evidence the jury could have concluded that the tires and plumbing supplies which were found in the truck were indeed those which had been stolen from Sears and Allied.

Having viewed the above evidence and considering the facts which the jury reasonably could have found, it is clear that the conviction of James Raffone, Jr., cannot stand. The only evidence introduced concerning him is that he was in the truck with James Raffone, Sr., at the time of the arrest, that he chose to remain silent at the police station, and that he was "scared" when he was arrested. On those facts there is no proof of his involvement in any crime, let alone larceny at two establishments in Hamden, three days and fourteen days prior to his arrest. His motion to set aside the verdict should have been granted.

We turn now to the defendant James Raffone, Sr., hereinafter referred to as Raffone, with regard to his motion to set aside the verdict. From the evidence presented, as found in the appendices to the briefs, and considered in as favorable a manner as possible in order to support the verdict of the jury, the jury reasonably could have concluded that Raffone had possession of stolen merchandise. The jury also could have found that the goods with which Raffone was connected were stolen from Sears and Allied on the dates specified. Finally, the jury could have found that Raffone was capable of connecting a semitrailer to a tractor. No evidence connected either Raffone or Arcangelo to the scene of either theft. The state's claim of proof of taking, and thus larceny, is that Raffone possessed the goods, knowing them to be stolen. This, it is claimed, is suffi-

cient evidence from which to draw an inference of theft. In support of that proposition the state cites *State* v. *Palkimas,* 153 Conn. 555, 219 A.2d 220. The trial court charged in accord with that claim. From the evidence as summarized, and the claims of the state, we must determine whether the possession of recently stolen goods supports a verdict of guilty as regards the theft of those goods.

In *State* v. *Palkimas,* supra, 558–59, we stated that "the possession of property recently stolen, if unexplained and standing alone or without other facts pointing to a contrary conclusion, would justify the trier in drawing an inference that the possessor stole the property, and the inference may be sufficiently strong to warrant a conviction of a charge of theft." See *State* v. *Donnelly,* 124 Conn. 661, 2 A.2d 214. Here, Raffone was apprehended with tires which the jury could have found to have been stolen; Arcangelo was in possession of stolen tires; Arcangelo was with Raffone when both were apprehended; and their stories as to how they happened to be together did not jibe. Raffone told the police he had purchased the tires. A police detective testified that the story was obviously facetious. The proof claimed by the state thus fulfilled the requisites of the *Palkimas* rule. The defendant Raffone possessed recently stolen goods and that circumstance was not explained. The jury, therefore, reasonably could have found, on the evidence, that Raffone, Sr., was guilty of theft, and the trial court's refusal to set aside the verdict as to Raffone, Sr., was proper.

It follows that the charge to the jury, that they *could* infer theft from mere possession, was proper, especially since the trial judge went to great lengths to make it clear that this inference was *not required,* but merely permitted. It further follows that the

charges requested by the defendants were not proper statements of the law and that the trial court acted properly in refusing so to charge.

The defendants claim that the trial court's charge that it was not necessary for the jury to find that the defendants "were the ones who actually broke into the Sears or Allied Distributors property," but that it was sufficient if they found that at any time they took over and carried the property away with an intent to deprive its owners of it without color of right or lawful excuse, was improper. It is clear that this charge required the jury to conclude that the defendants carried the property away. Thus, the charge, as given, merely told the jury that they did not have to find that the defendants were the ones who broke into the two establishments. It was sufficient if they took the merchandise away from those establishments. That charge was a proper explanation of the element of taking in an allegation of larceny under § 53-63, since breaking and entering is not required in order to obtain a conviction for larceny. See *State* v. *Banet,* 140 Conn. 118, 122, 98 A.2d 530.

The defendants also claim error in the following charge: "It is not necessary to prove that these men were even there that night if you find that they unlawfully came into possession at some subsequent time and knowingly attempted to deprive the rightful owner of the merchandise in question." The quoted language was part of a charge concerning larceny which, when read as a whole, was correct. Under *State* v. *Palkimas,* 153 Conn. 555, 219 A.2d 220, and *State* v. *Donnelly,* 124 Conn. 661, 2 A.2d 214, the jury may infer theft from an unlawful, knowing possession. Proof of larceny requires proof of a taking of property with the intent to

deprive the owner of possession permanently. Thus, there is no necessity to prove presence at the place of theft. Further, one can be convicted as the principal thief indirectly through proof of guilt under the receiving statute. *State* v. *Palkimas,* supra, 560; *State* v. *Donnelly,* supra, 662. By unlawfully coming into possession of goods at a later time knowing them to be stolen, therefore, the defendants would be answerable as the principal thieves.

The court's charge under General Statutes § 54-196, the aiding or abetting statute, is also claimed as error. It is clear that since the guilt of one who aids or abets is equal to the guilt of one who actually commits the crime, that statute renders anyone who comes within its terms guilty as a principal offender. The charge itself was a correct statement of the law, and, therefore, the trial court was correct in so charging.

The final charge assigned as error was that no inference could be drawn from the defendants' failure to testify "and from that alone." This phrase has been quoted out of context. Viewed in its entirety, the portion of the charge which deals with the effect of the defendants' failure to testify was clear and correct. As stated by the court, "[n]o unfavorable inference is to be drawn from the mere failure of a defendant . . . to take the witness stand, for under our law an accused is not obligated to take the witness stand in his own behalf." This is a correct statement, and the mere addition of what is perhaps an ill-advised phrase is not such as would be likely to mislead the jury and was not harmful error.

The defendants also claim that the trial court erred in finding that the trailer parked behind the Sears store, when taken, contained 595 snow tires

and 185 cases of antifreeze. An employee of Sears, who was charged with the responsibility of handling that merchandise, testified that the quantities were determined, following the theft, through the use of a cross-index system, and that he was certain that the quantities thus ascertained were correct. While it is clear that there was no absolute certainty as to the exact amount of merchandise taken with the truck, the goods taken from Sears exceeded the value of $2000 as charged, and this was sufficient. Since, in a jury case, the finding states only what was claimed to have been proved, as supported by the testimony introduced, that finding was correct. The defendants also claim that other facts were found without evidence. An examination of the state's appendix reveals that there was testimony to support each such paragraph of the finding, and, therefore, those claims are without merit.

Finally, as regards those paragraphs of the draft finding which the trial court refused to include in the finding, we also can discover no error. In a jury case the only purpose of the finding is to recite the claims of proof. See Maltbie, Conn. App. Proc. § 145. The paragraphs of the draft finding which the defendants claim were excluded deal primarily with the motion to set aside the verdict. As we have stated, the denial of that motion is tested by the appendices and not by the finding. In addition, many of the paragraphs claimed to have been omitted can be found in the finding, although in slightly different language.

There is no error in the appeal of James Raffone, Sr.; there is error in the appeal of James Raffone, Jr., the judgment as to him is set aside and the case is remanded with direction to render judgment that he is not guilty and ordering that he be dis-

charged; on the appeal of James Arcangelo, the appeal is dismissed as moot, and the trial court is directed so to note on its records.

In this opinion the other judges concurred.