JEAN FOX ET AL. *v.* GEORGE C. FOX ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued April 8—decision released June 17, 1975

*Arnold J. Bai,* with whom, on the brief, was *Stephen W. Leermakers,* for the appellant (defendant Samuel R. Palmisano).

*T. Paul Tremont,* with whom were *Lawrence E. Kristoff* and, on the brief, *Robert R. Sheldon,* for the appellees (plaintiffs).

BOGDANSKI, J. This appeal arises from an action brought by the plaintiffs to recover damages for personal injuries allegedly caused by the negligence of the defendants, George C. Fox and Samuel R. Palmisano, whose respective vehicles collided at the intersection of West Putnam Avenue and the

Old Post Road No. 4 in the town of Greenwich. The jury returned a verdict for the plaintiffs against the defendant Palmisano only. From that judgment and the denial of his motion to set aside the verdict, Palmisano, hereinafter referred to as the defendant, has appealed to this court. The only issues briefed by the defendant concern the court's charge to the jury. The remaining assignments of error are therefore considered abandoned. *Pappas* v. *Pappas,* 164 Conn. 242, 243, 320 A.2d 809.

"Claims of error addressed to the charge are to be tested by the claims of proof as they appear in the finding. Practice Book § 635; *DePaola* v. *Seamour,* 163 Conn. 246, 249, 303 A.2d 737; *Intelisano* v. *Greenwell,* 155 Conn. 436, 444, 232 A.2d 490." *Conlon* v. *G. Fox & Co.,* 165 Conn. 106, 108, 328 A.2d 708. The claims of proof reveal that on July 19, 1968, at 6:14 p.m., the plaintiffs were passengers in an automobile operated by the defendant Fox in an easterly direction on West Putnam Avenue. At the same time, the defendant Palmisano was operating his motor vehicle westerly on West Putnam Avenue with the intent to make a left turn onto Old Post Road No. 4. As the Palmisano vehicle was in the process of making a left turn onto Old Post Road No. 4, a collision between the two vehicles occurred.

The defendant requested the court to charge the jury as follows: "1. If two parties each contribute to a wrong against the plaintiff, the proximate cause is the wrongful act in which they concurrently participate. Although each operator acted independently of the other, so far as purpose and intent are concerned, if the negligence of each concurred and cooperated with the other in the production of

a single and injurious result, the plaintiff is entitled to recover from either party or both parties so concurring in the production of the injurious result. . . . 2. Where a plaintiff is harmed by concurrent acts of negligence of joint tortfeasors, the degree of culpability as between the concurrent wrongdoers is immaterial, and both are responsible for the whole injury."

The trial court adopted the first request and charged the jury in the specific language of that request. The court refused, however, to adopt and charge the second request. The defendant took exception to the failure to charge the second request.

The defendant now raises the claim that the court erred in charging in the specific language of the first request. He acknowledges that where the negligence of two persons concurs to produce a single result, a plaintiff can elect to sue either or both. But he argues that the court's charge was an inaccurate statement of the law where the plaintiffs have, in fact, sought recovery from both tortfeasors; that the court should have charged that a verdict must be returned against both defendants if the negligence of each was a substantial factor in producing the plaintiffs' injuries; and that the language used by the court was erroneous and resulted in an injustice to him.

A party may not complain of an alleged error in a charge to the jury when he himself has specifically requested that instruction. *Tough* v. *Ives,* 162 Conn. 274, 287, 294 A.2d 67; *Andrews* v. *Dougherty,* 96 Conn. 40, 46, 112 A. 700; Maltbie, Conn. App. Proc. § 96, p. 117. "Since, by his request to charge, . . .

[the defendant] induced the trial court to instruct the jury as it did, he is not now in a position to press his claim that the court erred in doing so. *Rinalli* v. *Kurtz*, 117 Conn. 165, 170, 166 A. 916." *Hofacher* v. *Fox*, 142 Conn. 179, 185, 112 A.2d 217.

Moreover, the nature of the present action precludes a showing of prejudice upon appeal. The plaintiffs brought this action against the two defendants as joint tortfeasors and claimed that both were liable jointly and severally. The plaintiffs have chosen to accept the judgment absolving the defendant Fox of liability. A plaintiff may elect to satisfy his damages against any culpable defendant since there is ordinarily no contribution between joint tortfeasors. *Rose* v. *Heisler*, 118 Conn. 632, 633, 174 A. 66. See *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, 133 Conn. 536, 538, 52 A.2d 862. A codefendant cannot complain that a charge is too favorable to another codefendant, since, if both are liable, they are liable jointly and severally. *Griswold* v. *Connecticut Co.*, 131 Conn. 248, 250, 38 A.2d 676. It thus follows that the defendant is in no position to complain.

With respect to the claimed error in the trial court's refusal to charge the second request, an examination of the record discloses that the trial court adequately covered the legal issue brought to its attention by this request when it instructed the jury on the issue of proximate cause.

The defendant's final claim is that even though the court correctly set forth the applicability of § 14-246 of the General Statutes (Rev. 1958, revised to 1966), it failed to set forth the circumstances under which the defendant Palmisano would have

the right of way under the statute. Section 14-246 provided that: "The driver of a vehicle intending to turn to the left within an intersection shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."[1] The court's charge relating to that statute was adequate and fair to both defendants. It properly limited the application of § 14-246 to the situation where the jury found that the vehicles operated by both defendants arrived "at the intersection at approximately the same time, or under such circumstances as to involve an immediate hazard." Within the framework of that limited situation, the court further stated that even if the defendant Fox were found to have the statutory right of way, "he is not absolved from all care in the use of that right of way. He is required to operate his car as would a reasonable prudent person under the same circumstances, with the knowledge that he had the statutory right of way."

There is no error.

In this opinion the other judges concurred.

---

[1] Section 14-246 of the General Statutes was repealed by 1971 Public Acts, No. 66, § 2. See now § 14-242 (e) of the General Statutes.