STATE OF CONNECTICUT *v.* FRANK M. GRASSO

STATE OF CONNECTICUT *v.* FRANK J. PASTORE

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and BARBER, Js.

Argued June 3, 1976—decision released February 1, 1977

*Ira B. Grudberg,* for the appellant (defendant Grasso).

*Anthony V. DeMayo,* public defender, with whom, on the brief, was *Nancy Lukingbeal,* for the appellant (defendant Pastore).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

LOISELLE, J.   The defendants, Frank M. Grasso and Frank J. Pastore, were found guilty, on a trial to a jury, of arson in violation of former § 53-82 of the General Statutes[1] in connection with a fire on November 16, 1968, in an unoccupied two-family house located at 75 Shepard Street in New Haven, Connecticut. Both defendants have appealed from the judgments rendered on the verdicts, and their appeals were consolidated by leave of court.

After argument on the appeal, the defendant Pastore died. The appeal is therefore moot as to him. *State* v. *Granata,* 162 Conn. 653, 289 A.2d 385; *State* v. *Raffone,* 161 Conn. 117, 120, 285 A.2d 323. The assignments of error pressed and briefed on appeal by the defendant Grasso will be considered.

---

[1] Section 53-82 was repealed in 1969, repeal effective October 1, 1971, as part of a general revision of the criminal laws. The present arson statutes are §§ 53a-111 to 53a-113, inclusive.

These concern (1) the denial of motions for the production of all information of prior "criminal involvement" of certain of the state's witnesses and for a mistrial and (2) the court's rulings on evidence.

At the trial, evidence was introduced tending to show that the fire was not accidental. Murray Hershman, president of the Haven Realty Company, which owned the property at 75 Shepard Street, testified that he had contacted one Marshall Fazzone with a view to getting someone to burn down the property in order to collect the insurance, and that he and Fazzone had conspired with Grasso and Pastore, who agreed to set the fire and were paid for setting it. Fazzone corroborated this testimony, which was denied by both defendants.

On appeal, the defendant Grasso makes numerous claims of error, but only those which were briefed are determined. *Fox* v. *Fox,* 168 Conn. 592, 593, 362 A.2d 854. Before the trial, his counsel filed a motion for disclosure of all exculpatory material, to which the state replied that it had none. At the trial, counsel renewed the motion, expanding it to seek all prior "criminal involvement" of the state's witnesses, claiming that *Brady* v. *Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215, gave this right. The court denied the motion, and exception was taken. The court did, however, order the state to disclose felony convictions of its witnesses.

In *Brady* v. *Maryland,* supra, a case involving the discovery, after trial, of information which had been known to the prosecution but unknown to the defendant, the United States Supreme Court held that the prosecution's suppression of exculpatory

evidence material to guilt or punishment requested by the defense violated due process. It did not afford a defendant a general right of discovery. *Wardius* v. *Oregon,* 412 U.S. 470, 93 S. Ct. 2208, 37 L. Ed. 2d 82; see annot., 7 A.L.R.3d 8, 22 § 3. A recent decision, *United States* v. *Agurs,* 427 U.S. 97, 96 S. Ct. 2392, 49 L. Ed. 2d 342, states that the rule of *Brady* v. *Maryland,* supra, arguably applies in three quite different situations. Firstly, error in a constitutional sense is committed when the prosecution puts on testimony which it knew or should have known was perjured, and the materiality of such testimony is strictly construed in favor of the defendant. Secondly, when a pretrial request for specific evidence is submitted by the defense and a substantial basis for claiming materiality exists, the prosecution's failure to respond is seldom, if ever, excused. Lastly, when no request, or a broad request, for "exculpatory" or "Brady" material is submitted, the prosecution is required to disclose material which creates a reasonable doubt of guilt which would not otherwise exist. In a footnote, the court (p. 112 n.20) expressly rejected the view that the standard of materiality "should focus on the impact of the undisclosed evidence on the defendant's ability to prepare for trial."

It must be emphasized that the present case is not an exact *Brady* situation where there is discovery, after trial, of specific information not revealed, but a direct appeal where the claim is made that unknown information, and known information, was suppressed by the prosecution. Necessarily, in this appeal, to make a determination of the issue presented, we are confined to the facts and information revealed in the appeal.

Applying the test of *United States* v. *Agurs,* supra, the facts of the present case present a problem within the last category, since there is no claim of known perjured testimony, and the request made by counsel was not specific. The term "criminal involvement" is not well defined, and is not limited to information which would create a reasonable doubt of guilt, but could include reports that a witness had been merely questioned regarding a crime, had been seen in unsavory company or had been observed in suspicious circumstances. The motion was impermissibly broad and, hence, properly denied by the trial court. The state's assurance to the court that "it has in its possession no undisclosed evidence that would tend to exculpate [a] defendant justifies the denial of a motion for inspection that does not make some particularized showing of materiality and usefulness." *United States* v. *Evanchik,* 413 F.2d 950, 953 (2d Cir.).

*United States* v. *Agurs,* supra, does impose a duty upon the prosecution to disclose information sufficient to create a reasonable doubt of guilt independent of any motion by the defense for disclosure. When a conviction depends entirely upon the testimony of certain witnesses, as it did in the present case, information affecting their credibility is material in the constitutional sense since if they are not believed a reasonable doubt of guilt would be created. Felony convictions can be used to impeach, and the trial court ordered those disclosed. Information that a witness has been arrested, is being prosecuted, or has confessed to a crime, tends to show that the state has power over a witness which may induce him to give testimony which will win favor with the state and, when the witness is an essential link in the state's case, must be disclosed.

See *State* v. *Annunziato,* 169 Conn. 517, 524, 363 A.2d 1011. The prosecution's failure to disclose, however, in advance of the trial, Hershman's confession that he had set a second fire at Haven Street, Fazzone's arrest in a stolen carpeting case, and the promise of immunity given to Fazzone in the present case, did not deprive the defendant of a fair trial, since all that information came out at the trial. A finding of error cannot be based on the unsupported speculation of the defense that there were other constitutionally material matters in the state's file which were not turned over to the defense. *State* v. *Moynahan,* 164 Conn. 560, 593, 325 A.2d 199, cert. denied, 414 U.S. 976, 94 S. Ct. 291, 38 L. Ed. 2d 219. The court was not in error in denying the defendant's motion for disclosure of all prior "criminal involvement" of the state's witnesses, nor has it been shown that the state has failed to disclose any information that might create a reasonable doubt of guilt which would not otherwise exist.

The defendant assigns as error the court's restriction of the cross-examination of Hershman, which was apparently directed toward showing that Fazzone had claimed Hershman was threatening him, but that no arrest of Hershman for obstructing justice or threatening government witnesses had been made. The scope of cross-examination of a witness is largely a matter in the discretion of the trial court. *State* v. *Clemons,* 168 Conn. 395, 404, 363 A.2d 33. While this court has held that arrest or indictment of a witness may be inquired into when it tends to show bias; *State* v. *Annunziato,* supra; see also annot., 62 A.L.R.2d 610, 624 § 3; it has never been suggested that facts which merely suggest that an arrest might have been made are admis-

sible to show bias. Nor is the alleged threat admissible to show consciousness of guilt in Hershman (compare *State* v. *Moynahan,* supra, 597, involving the defendant's frightening of the prosecutor's family), since Hershman's guilt was not at issue in the present case.

The defendant Grasso also assigns error in the court's admission of certain testimony by Hershman and in its denial of a motion by the defendant Pastore for a mistrial. Hershman testified that he asked Pastore to set a second fire in property on Haven Street two years later, and that Pastore agreed to go look at the building but then refused to set the fire because "there were too many cops around." Although this is argued vigorously in the defendant Grasso's brief, neither the record nor the transcript reveals that counsel for Grasso made any objection to the admission of this testimony, which concerned only Pastore. Practice Book § 226[2] requires that an objection and exception be taken to be a ground of appeal. The merits of the claim are therefore not discussed.

There is no error in the appeal of Frank M. Grasso; the appeal of Frank J. Pastore is dismissed as moot, and the trial court is directed so to note on its records.

In this opinion HOUSE, C. J., COTTER and BARBER, Js., concurred.

---

[2] "[Practice Book] Sec. 226. OBJECTIONS TO EVIDENCE Whenever an objection to the admission of evidence is made, counsel shall state the grounds upon which it is claimed or upon which objection is made, succinctly and in such form as he desires it to go upon the record, before any discussion or argument is had. Argument upon such objection shall not be made by either party unless the court requests it and, if made, must be brief and to the point. An exception to the ruling must be taken in order to make it a ground of appeal."

BOGDANSKI, J. (concurring in part and dissenting in part). I agree with the disposition of the Grasso case but not with the disposition of the Pastore appeal. The opinion states that "[a]fter argument on the appeal, the defendant Pastore died." Because direct appeals in criminal cases are a matter of right, and because death will prevent any review on the merits of any such appeal, this court should follow the law enunciated by the Supreme Court of the United States and vacate the judgment and direct dismissal of all proceedings had against the deceased, Frank J. Pastore.

"[D]eath pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception. . . . [O]n death of the convicted petitioner the 'cause has abated.'" *Durham* v. *United States,* 401 U.S. 481, 483, 91 S. Ct. 858, 28 L. Ed. 2d 200.

The law provides for two kinds of punishment, "pecuniary" and "corporal." In *Crooker* v. *United States,* 325 F.2d 318 (8th Cir.) one of the judgments appealed from involved a fine as well as imprisonment. The court there held (p. 321) that "[a] fine is not something to which the United States is entitled by way of compensation or damages, but only as a matter of punishment being thereby meted upon the defendant. 'It was imposed as a punishment of the defendant for his offense. If, while he lived, it had been collected, he would have been punished by the deprivation of that amount from his estate; but, upon his death, there is no justice in punishing his family for his offense.'" See also *State* v. *Rutledge,* 243 Iowa 201, 50 N.W.2d 801.

The offense for which the deceased Pastore was convicted was punishable by a fine as well as impris-

onment. General Statutes §§ 53a-28, 53a-111—53a-113. Had the trial court imposed both penalties, the majority of this court, by merely dismissing the appeal as moot, would not only allow the contested judgment of guilt to stand, but would also permit the state to proceed against the deceased's estate to collect the fine. Thus, the result would be to punish his family and heirs rather than the deceased, in effect penalizing the younger generation for the alleged sins of the older generation without any justification for doing so.

I would, therefore, vacate the judgment as to Pastore and remand his case to the Superior Court with direction to dismiss all proceedings had in connection therewith.