STATE OF CONNECTICUT *v.* JOSEPH J. TRANTOLO, JR.
(13401)

PETERS, C. J., HEALEY, SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued October 4—decision released November 15, 1988

*Alexandra Davis,* with whom was *Vincent J. Trantolo,* for the appellant (defendant).

*John O'Meara,* deputy assistant state's attorney, with whom were *Steven Sellers,* assistant state's attorney, and, on the brief, *Bernadette Conway,* deputy assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant, Joseph Trantolo, was convicted, after a court trial, of failure to carry a fire extinguisher, in violation of General Statutes § 15-129 (a) (5), and failure to carry a personal flotation device, in violation of General Statutes § 15-129 (a) (1). He was sentenced to pay a fine of $75 plus costs on each of these two counts. During the pendency of the defendant's appeal from this conviction, he died. His appeal was thereafter transferred from the Appellate Court to this court pursuant to Practice Book § 4023.

From the briefs and the oral arguments, it has become clear that, in this case, there is neither allegation nor evidence that the fine levied against the defendant at trial would be collectible from his estate or that the judgment will otherwise affect its interests. On this state of the record, the defendant's appeal must be dismissed as moot.

In this opinion Peters, C. J., Shea, Callahan, Glass, Covello and Hull, Js., concurred.

The appeal is dismissed.

Arthur H. Healey, J., dissenting. I do not agree with the majority's decision that "the defendant's appeal must be dismissed as moot." Rather, I would go further in this case on the issue of mootness and dismiss the entire proceedings ab initio. Specifically, my view is that this entire case be remanded with direction to vacate the judgment of conviction and to dismiss the information because of the defendant's death pending his appeal to this court.

First, because of the "defective pleading" approach of the majority decision on this appeal, which was fully argued to us sitting en banc, and because that decision states no legal authority as to its basis, it is necessary that some additional background circumstances be set out. On October 30, 1987, the defendant, Joseph J. Trantolo, Jr., since deceased, was found guilty, after a trial, of two counts of a three count information. The guilty findings, both of which were only infractions, involved a violation of General Statutes § 15-129 (a) (5) and (1). On November 4, 1987, the trial court imposed a fine of $75 plus costs on each count.[1] Thereafter, the defendant's motion to reargue was heard and the trial court reaffirmed its earlier decision on November 24, 1987. The defendant filed an appeal to the Appellate Court on December 11, 1987. The defendant died on December 23, 1987, during the pendency of his appeal. On March 3, 1988, the Appellate Court, sua sponte, scheduled argument on the issue of mootness. Thereafter, and prior to the scheduled argument before the

---

[1] No serious question has been raised of the state's inability to enforce the collection of the fines and costs against the estate of the deceased defendant.

Appellate Court, this court transferred the appeal to itself. See Practice Book § 4023.

In addition, because the order of the majority cites no legal authority, I must assume that Connecticut cases such as *State* v. *Raffone,* 161 Conn. 117, 285 A.2d 323 (1971), and *State* v. *Grasso,* 172 Conn. 298, 374 A.2d 239 (1977), furnish, sub silentio, authority for the order of dismissal of this appeal. This appeal was argued before us en banc and both *Raffone* and *Grasso* were cited in the briefs and at oral argument. Neither case, however, requires the result ordered in this case.

In *Raffone,* the three defendants were found guilty by a jury of larceny and theft, and each was given a prison sentence. After an appeal was taken to this court, one defendant, Arcangelo, died before the appeal was heard. Because his "counsel *conceded* that Arcangelo's appeal was moot," we ordered that "due to the death of Arcangelo, the appeal, as to him, is dismissed as moot, as *conceded* by counsel." (Emphasis added.) *State* v. *Raffone,* supra, 119, 120.[2] We have no such concession in this case. Moreover, unlike this appeal, no fines were imposed in *Raffone* but only incarceration. In *Grasso,* an arson case, both Grasso and his codefendant Pastore appealed from their convictions to this court. Each defendant had been given prison sentences. No fines were imposed. Pastore died "[a]*fter* argument on the appeal" (emphasis added) and we simply said that the "appeal is therefore moot as to him." *State* v. *Grasso,* supra, 299. *Raffone* and *Grasso,* on analysis, are inapposite.

---

[2] In *State* v. *Raffone,* 161 Conn. 117, 285 A.2d 323 (1971), we pointed out that after we heard oral argument in that case, we were apprised of the ruling in *Durham* v. *United States,* 401 U.S. 481, 91 S. Ct. 858, 28 L. Ed. 2d 200 (1971) (entire proceedings dismissed ab initio where appellant dies during appeal as of right). As to the import of *Durham,* we said: "[W]e decline either affirmatively to adopt or reject the majority rule there enunciated." *State* v. *Raffone,* supra, 120. Rather, we relied wholly on the concession of Arcangelo's counsel.

A judgment of conviction is not final until any appeal of right, filed before a defendant's death, has been resolved because the potential of reversal persists to that point. We, of course, do not presume error, but while a trial court's judgment has a presumption of validity, the crux of such a presumption is its vulnerability to refutation on appeal. This obviously will not occur in this case. Not only has the death of the defendant rendered the enforcement of the trial court's judgment impossible, but it also has withdrawn him from the jurisdiction of the court. See *Arizona* v. *Griffin,* 121 Ariz. 538, 592 P.2d 372 (1979 en banc); *State* v. *Kreichbaum,* 219 Iowa 457, 258 N.W. 110 (1934). In addition, the position of the majority thoroughly insulates the decision of the trial court from any vulnerability of reversal. I question the justice of the result in this case.

The purposes for the enforcement of the criminal laws are the punishment and the rehabilitation of the guilty; here, death has prevented the furtherance of either objective. Yet, although the defendant's right of appeal was as assured as his right to make a defense, the majority's position leaving extant the conviction means that this is truly a case where, from any fair prospective of fundamental justice, there is "no unsuccessful party; nor a successful one." *State* v. *Kreichbaum,* supra, 464. This is troublesome. It is impossible to understand how the trial court's judgment truly can be regarded as final, without having been affirmed on appeal and certainly when the question of the defendant's guilt or innocence has not been finally determined at the time of his death. Even if error were found on appeal, it could not result in the defendant's vindication as that could well result only in a new trial which his death has made impossible—but the conviction lives on.[3]

---

[3] I note that while the state has no further interest or ability to enforce the judgment of conviction, there may possibly be others who are or may

It appears that a majority of courts have held that the death of a defendant pending his appeal of a conviction that includes a fine abates not only the appeal but all the proceedings ab initio including the fine. See, e.g., *Crooker* v. *United States,* 325 F.2d 318 (8th Cir. 1963); *State* v. *Stotter,* 67 Idaho 210, 175 P.2d 402 (1946); *People* v. *Mazzone,* 74 Ill. 2d 44, 383 N.E.2d 947 (1978); *State* v. *Clark,* 260 N.W.2d 370 (S.D. 1977). Moreover, the great majority of courts that have considered the problem have ruled that death pending appellate review of a criminal conviction abates not only the appeal but also the proceedings had in the prosecution ab initio. See annot., 83 A.L.R.2d 864. This is clearly so where a defendant dies, as here, pending a direct appeal as of right of his criminal conviction. See, e.g., *United States* v. *Mollica,* 849 F.2d 723 (2d Cir. 1988); *United States* v. *Pauline,* 625 F.2d 684, 685 (5th Cir. 1980); *United States* v. *Chin,* 633 F. Sup. 624 (E.D. Va. 1986); *State* v. *Gomes,* 57 Haw. 271, 554, P.2d 235 (1976); *People* v. *Mazzone,* supra; *State* v. *Holbrook,* 261 N.W.2d 480, 481 (Iowa 1978); *State* v. *Clark,* supra.

On the facts of this case and on this record, which only involve infractions, I would dismiss not only the appeal, but all the proceedings in this matter ab initio.

Therefore, I dissent.

---

be affected, including the family of such a deceased appellant. Some courts who endorse the dismissal ab initio view have considered the interest of a surviving family vis-a-vis the memory or reputation of a deceased appellant a legally significant factor in arriving at the ab initio result. See, e.g., *State* v. *Gomes,* 57 Haw. 271, 554 P.2d 235 (1976) (rape in the first degree); *State* v. *Morris,* 328 So. 2d 65 (La. 1976) (possession of marihuana—second offense); *State* v. *Blake,* 53 Ohio App. 2d 101, 371 N.E.2d 843 (1977) (receiving stolen property).