[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
On July 22, 1988, the plaintiff, Kathleen Frederick, was the owner and operator of a vehicle which was involved in a collision with a vehicle operated by Blanche Nadeau. As a result of said collision, Blanche Nadeau suffered injuries and damages. She thus made a claim against the plaintiff, which claim was settled for the sum of $25,000.00.
In the present action the plaintiff alleges that the collision was due to the negligence of the defendant, General Equities, Inc., and that the defendant is liable to her for contribution because she "paid more than her equitable and pro-portionate share of the damages sustained by Blanche Nadeau."
Defendant moves to strike the complaint on the ground that Connecticut does not recognize common law contribution and Conn. Gen. Stat. sec. 52-572h (c) does not change the prohibition of suits between joint tortfeasors.
Prior to the enactment of General Statutes sec. 52-572h
there was ordinarily no contribution among joint tortfeasors. Gomeau v. Forrest, 176 Conn. 523; Fox v. Fox, 168 Conn. 592. the issue, then, is whether the Tort Reform Statute (section 52-572h) gives the plaintiff a separate right of action for contribution where there has been no judgment and in fact where the victim has not brought suit against any tortfeasor. CT Page 1128 The court believes the plaintiff has no such right of action.
General Statutes sec. 52-572h(h)(1) states: "A right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. . ."
In this case the preconditions of section 52-572h(g) have not been met. The court believes that the plaintiff would have had the right to implead the defendant if Blanche Nadeau had brought suit against her. However, Blanche Nadeau did not bring suit. Therefore, the court holds that the preconditions of section 52-572h(g) are required where a party elects to bring an independent cause of action for contribution. Malerba v. Cessna Aircraft Co., 210 Conn. 189, 195. Since the preconditions have not been met, the court finds that the plaintiff has no right to bring this independent cause of action.
Accordingly, the motion to strike is granted.
FRANCES ALLEN, SENIOR JUDGE