STATE OF CONNECTICUT *v.* CHARLES BOSTWICK
(SC 16127)

McDonald, C. J., and Borden, Berdon, Norcott, Katz and Palmer, Js.

Officially released November 2, 1999

*Margaret Gaffney Radionovas*, assistant state's attorney, in support of the motion.

*Robert M. Berke*, assistant public defender, in opposition.

*Opinion*

PER CURIAM. The defendant, Charles Bostwick, was charged by information with violating the conditions of his probation. Following a trial to the court, *McKeever, J.*, he was found guilty and sentenced to the unexecuted portion of his prison sentence. The defendant then appealed to the Appellate Court, which affirmed his conviction. *State* v. *Bostwick*, 52 Conn. App. 557, 559, 728 A.2d 10 (1999). Thereafter, this court granted the defendant's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that a violation of probation need not be wilful in order to justify a revocation of probation?" *State* v. *Bostwick*, 249 Conn. 920, 733 A.2d 235 (1999). During the pendency of his appeal to this court, however, the defendant died, and the state moved to dismiss his appeal as moot.

"When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. *In re Romance M.*, 229 Conn. 345, 357, 641 A.2d 378 (1994). It is a well-settled general rule that the existence of an actual

controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . *Loisel* v. *Rowe*, 233 Conn. 370, 378, 660 A.2d 323 (1995)." (Internal quotation marks omitted.) *Conetta* v. *Stamford*, 246 Conn. 281, 295, 715 A.2d 756 (1998). Accordingly, because there is no practical relief that can be afforded by a disposition of the merits of the defendant's appeal, the motion to dismiss is granted. See *State* v. *Trantolo*, 209 Conn. 169, 549 A.2d 1074 (1988).

The appeal is dismissed.

BERDON, J., dissenting. We certified for review from the Appellate Court an important issue in this case and one upon which we apparently have not spoken, to wit: "Did the Appellate Court properly conclude that a violation of probation need not be wilful in order to justify a revocation of probation?" *State* v. *Bostwick*, 249 Conn. 920, 733 A.2d 235 (1999). After we granted certification, the defendant died and the state moved to dismiss on the ground of mootness.

I realize there is court precedent for dismissing an appeal after the death of the defendant; see, e.g., *State v. Trantolo*, 209 Conn. 169, 549 A.2d 1074 (1988); but that precedent is not predicated on our state constitution. Unlike the United States constitution, the state constitution does not confine the judicial power to actual cases and controversies. Rather, the "jurisdiction of [the] courts shall be defined by law." Conn. Const., art. V, § 1. Indeed, we routinely have decided issues that are moot with respect to the parties. See *Delevieleuse* v. *Manson*, 184 Conn. 434, 436–37, 439 A.2d 1055 (1981); see also *Loisel* v. *Rowe*, 233 Conn. 370, 388, 660 A.2d 323 (1995) (*Katz, J.*, dissenting); *In re Romance M.*, 229 Conn 345, 358, 641 A.2d 378 (1994).

Whether we should dismiss the case of a defendant who dies while his case is on appeal should be decided on a case-by-case basis. One such instance should be "when the issue is of significant public importance and is likely to recur." *State* v. *Gartland*, 149 N.J. 456, 464, 694 A.2d 564 (1997) (indicating significant public importance of domestic violence issues). The issue in the present case reaches the magnitude of that importance and we should consider the appeal.

In *State* v. *McDonald*, 144 Wis. 2d 531, 541, 424 N.W.2d 411 (1988), Justice Day wrote in dissent that to continue an appeal after death would extend a "court's jurisdiction over criminal defendants beyond the grave. Its appellate grasp [would continue] 'from here to eternity!' " Chief Justice Heffernan, concurring in the majority's decision to allow the appeal to continue, wrote: "It may well be, as the dissent suggests, that the defendant in this case is in the hands of God. However, the responsibility for resolving the legal uncertainties left behind is squarely in the hands of this court. . . . It is not [the decedent's] appeal which is moot, as the dissent would have it, but rather . . . [the decedent's] death which is moot, because [the decedent] did not take the potential errors of our justice system into the grave . . . . These potential errors remain behind to perplex and confound [the decedent's] relatives, friends, reputation, and the legal system." Id., 540.

Other jurisdictions have asserted public policy considerations when refusing to dismiss a criminal appeal after the defendant's death. *State* v. *Burnison*, 247 Kan. 19, 32, 795 P.2d 32 (1990) (death does not abate appeal as it is in public interest that issues raised be adjudicated on merits); *State* v. *Jones*, 220 Kan. 136, 137, 551 P.2d 801 (1976) (family of defendant and public have interest in final determination of criminal case); *State* v. *Salazar*, 123 N.M. 778, 945 P.2d 996, 1003–1004 (1997) (it is in best interests of decedent's estate, remaining

parties or society to conclude appeals where important issues of law concerned); *Commonwealth* v. *Walker*, 447 Pa. 146, 147–48, 288 A.2d 741 (1972) (in an asterisk footnote to its opinion, court stated "it is in the interest of both a defendant's estate and society that any challenge initiated by a defendant to the regularity or constitutionality of a criminal proceeding be fully reviewed and decided by the appellate process"); *State* v. *McDonald*, supra, 144 Wis. 2d 536 (when defendant dies while appeal pending, regardless of cause of death, defendant's right to appeal continues).

Accordingly, I dissent.