ROBINSON, J.
**816 *875 This appeal is the companion case to State v. Evans , 329 Conn. 770, 189 A.3d 1184 (2018), which we also decide today. The defendant, Nemiah Allan,[1] appeals[2] from the judgment of the trial court **817 denying his motion to correct an illegal sentence. On appeal, the defendant claims that we should overrule State v. Ray , 290 Conn. 602, 966 A.2d 148 (2009), in which we interpreted General Statutes (Rev. to 2009) § 21a-278 (b)[3] to render drug dependency an affirmative defense to be proven by the defendant because (1) it is no longer good law in light of the subsequent decision of the United States Supreme Court in Alleyne v. United States , 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed. 2d 314 (2013), and (2) it was wrongly decided as a matter of statutory interpretation. The defendant also argues that the narcotics statutory scheme, which gives the prosecutor the sole authority to decide whether to proceed under § 21a-278 (b), rather than the otherwise identical General Statutes (Rev. to 2009) § 21a-277 (a),[4] violates **818 *876 the separation of powers established by article second of the Connecticut constitution, as amended by article eighteen of the amendments. The state contends to the contrary, and also argues that the trial court lacked subject matter jurisdiction over the defendant's motion to correct because that motion failed to raise a colorable claim challenging his sentence. Although we conclude that the trial court had subject matter jurisdiction over the defendant's motion to correct, we disagree with the merits of the defendant's claims. Accordingly, we affirm the judgment of the trial court denying the defendant's motion to correct an illegal sentence.
The record reveals the following undisputed facts and procedural history. Following a jury trial, the defendant was convicted of conspiracy to sell narcotics in violation of § 21a-278 (b) and General Statutes § 53a-48, and interfering with a police officer in violation of General Statutes § 53a-167a (a).[5] No evidence concerning the defendant's drug dependency was presented at trial by the state or the defendant, and the trial court did not instruct the jury with respect to drug dependency. At sentencing, the court considered the defendant's history of narcotics convictions, and defense counsel argued that the defendant was not a career criminal but, rather, a career addict as a result of a painkiller **819 addiction following a neck injury suffered in an automobile accident. The trial court, B. Fischer, J. , sentenced the defendant to a total effective sentence of twelve years imprisonment, followed by five years of special parole, to be served concurrently with a sentence that the defendant was serving for violation of probation. His conviction was subsequently affirmed on appeal. See State v. Allan , 131 Conn. App. 433, 443, 27 A.3d 19 (2011), aff'd, 311 Conn. 1, 83 A.3d 326 (2014).
Pursuant to Practice Book § 43-22, the defendant filed a motion to correct an illegal sentence, claiming, inter alia, that his sentence had been imposed in violation of Alleyne v. United States , supra, 570 U.S. at 99, 133 S.Ct. 2151, and Apprendi v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the fact of drug dependency, which triggered the mandatory minimum sentence under § 21a-278 (b), was not admitted by the defendant or found by the fact-finder. The trial court, S. Moore, J. , denied the defendant's motion, concluding that Alleyne and Apprendi did not control because of this court's interpretation of § 21a-278 (b) in, among other cases, State v. Ray , supra, 290 Conn. at 602, 966 A.2d 148, which held that drug dependency is an affirmative defense to be proven by the defendant, rather than an element of the offense to be proven by the state. The trial court denied the defendant's subsequent motion for reconsideration and rendered judgment denying *877 the motion to correct an illegal sentence. This appeal followed.
The jurisdictional issues raised by the parties and the merits of the underlying arguments presented in this appeal are identical to those considered in State v. Evans , supra, 329 Conn. 770, 189 A.3d 1184, which we also decide today. We conclude that our examination of these same issues in Evans thoroughly resolves the claims in the present appeal and that there is nothing in this case that would mandate a different result. Accordingly, we adopt the reasoning and conclusions of that opinion **820 herein. See, e.g., State v. Drakes , 321 Conn. 857, 864, 146 A.3d 21, cert. denied, --- U.S. ----, 137 S.Ct. 321, 196 L.Ed.2d 234 (2016). We, therefore, conclude that the trial court properly denied the defendant's motion to correct an illegal sentence.
The judgment is affirmed.
In this opinion the other justices concurred.

We note that the defendant's name has been spelled inconsistently in various court documents in this case, including in the briefs in the present appeal. We use the spelling that is consistent with the operative information and a previous Appellate Court decision concerning the defendant. See State v. Allan , 131 Conn. App. 433, 27 A.3d 19 (2011), aff'd, 311 Conn. 1, 83 A.3d 326, 83 A.3d 326 (2014).

The defendant appealed from the judgment of the trial court to the Appellate Court, and we granted his motion to transfer the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

General Statutes (Rev. to 2009) § 21a-278 (b) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance, except as authorized in this chapter, and who is not, at the time of such action, a drug-dependent person, for a first offense shall be imprisoned not less than five years or more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years or more than twenty-five years. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended, except the court may suspend the execution of such mandatory minimum sentence if at the time of the commission of the offense (1) such person was under the age of eighteen years, or (2) such person's mental capacity was significantly impaired, but not so impaired as to constitute a defense to prosecution."
We note that the legislature has recently made certain clarifying, non-substantive changes to § 21a-278. See Public Acts 2017, No. 17-17, § 2; see also State v. Evans , supra, 329 Conn. at 772, 189 A.3d 1184. For the sake of convenience, all references to § 21a-278 in this opinion are to the 2009 revision of the statute.

General Statutes (Rev. to 2009) § 21a-277 (a) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marijuana, or a narcotic substance, except as authorized in this chapter, for a first offense, shall be imprisoned not more than fifteen years and may be fined not more than fifty thousand dollars or be both fined and imprisoned; and for a second offense shall be imprisoned not more than thirty years and may be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for each subsequent offense, shall be imprisoned not more than thirty years and may be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."
We note that the legislature has recently made certain clarifying, non-substantive changes to § 21a-277. See Public Acts 2017, No. 17-17, § 1; see also State v. Evans , supra, 329 Conn. at 773, 189 A.3d 1184.

The state also charged the defendant with sale of narcotics by a person who is not drug-dependent in violation of § 21a-278 (b), sale of narcotics within 1500 feet of a school in violation of General Statutes (Rev. to 2009) § 21a-278a (b), and possession of narcotics in violation of General Statutes (Rev. to 2009) § 21a-279 (a). The jury found the defendant not guilty of these offenses.