******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

STATE OF CONNECTICUT *v.* ALBERT
EDWARD NALEWAJK
(AC 39195)

Alvord, Keller, Elgo, Bright and Moll, Js.

*Syllabus*

The defendant, who had been convicted on a guilty plea of the crimes of
    possession of narcotics with intent to sell by a person who is not drug-
    dependent and failure to appear in the first degree, appealed to this
    court from the judgment of the trial court dismissing his motion to
    correct an illegal sentence. *Held* that the defendant having died during
    the pendency of the appeal, the appeal was dismissed as moot.

Argued March 6—officially released June 11, 2019

*Procedural History*

Substitute information charging the defendant with
the crimes of possession of narcotics with intent to sell
by a person who is not drug-dependent and failure to
appear in the first degree, brought to the Superior Court
in the judicial district of Fairfield, where the defendant
was presented to the court, *Iannotti, J.*, on a plea of
guilty; judgment of guilty; thereafter, the court, *E. Rich-
ards, J.*, denied the defendant's motion to correct an
illegal sentence, and the defendant appealed to this
court. *Appeal dismissed.*

*Daniel M. Erwin*, assigned counsel, for the appel-
lant (defendant).

*Rocco A. Chiarenza*, assistant state's attorney, for
the appellee (state).

*Opinion*

PER CURIAM. This opinion follows oral argument on this court's own motion to determine whether the present appeal should be dismissed as moot because the defendant, Albert Edward Nalewajk, died during the pendency of his appeal from the dismissal of his motion to correct an illegal sentence. We conclude that we lack subject matter jurisdiction and, accordingly, dismiss the appeal.

The relevant facts are not disputed. The defendant pleaded guilty to the charges of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes (Rev. to 2009) § 21a-278 (b) and failure to appear in the first degree in violation of General Statutes (Rev. to 2009) § 53a-172, and the court imposed a total effective sentence of ten years of incarceration, execution suspended after five years, followed by five years of probation. The defendant subsequently filed a motion to correct an illegal sentence, which the trial court dismissed. On May 10, 2016, the defendant filed this appeal from the court's dismissal of his motion to correct an illegal sentence. The appeal was stayed pending our Supreme Court's decisions in *State* v. *Allan*, 329 Conn. 815, 190 A.3d 874 (2018), cert. denied,      U.S     , 139 S. Ct. 1233, 203 L. Ed. 2d 247 (2019), and *State* v. *Evans*, 329 Conn. 770, 189 A.3d 1184 (2018), cert. denied,      U.S.      , 139 S. Ct. 1304,      L. Ed. 2d      (2019). On November 16, 2018, this court lifted the appellate stay and ordered the parties to submit memoranda on or before December 17, 2018, addressing the impact of those decisions. The case was marked ready for argument on December 17, 2018.

Defense counsel thereafter notified this court, by letter dated January 3, 2019, that the defendant had died and that a formal suggestion of death would follow. On February 6, 2019, defense counsel filed a suggestion of death, accompanied by a copy of the defendant's death certificate. Although defense counsel in that filing acknowledged that "the issues presented in this appeal from a motion to correct an illegal sentence are likely moot" in light of the defendant's passing, counsel did not withdraw the appeal. In response, this court ordered the parties "to appear and give reasons, if any, why this appeal should not be dismissed as moot because the defendant has died. See *State* v. *Bostwick*, 251 Conn. 117, [740 A.2d 381] (1999); *State* v. *Trantolo*, 209 Conn. 169, [549 A.2d 1074] (1988)." We heard argument from the parties on March 6, 2019.

It is well established that "[m]ootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve." (Internal quotation marks omitted.) *Burbank* v. *Board of Education*, 299 Conn. 833, 839, 11 A.3d 658 (2011). "When, during the

pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot. . . . [T]he existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Citation omitted; internal quotation marks omitted.) *State* v. *Bostwick*, supra, 251 Conn. 118–19.

In *State* v. *Bostwick*, supra, 251 Conn. 119, *State* v. *Corbeil*, 237 Conn. 919, 920, 676 A.2d 1374 (1996), and *State* v. *Trantolo*, supra, 209 Conn. 171, our Supreme Court dismissed the respective criminal appeals as moot because the defendants had died during the pendency of those appeals. In the present case, the defendant's death undoubtedly makes any claim regarding the legality of the sentence he was serving moot because there is no practical relief that we can afford the defendant through resolution of this appeal. In fact, we do not understand why counsel did not withdraw this appeal upon the defendant's death. Practice Book § 63-9 permits the filing of a withdrawal of an appeal prior to oral argument as of right. We therefore disagree with the suggestion made at oral argument by defense counsel that counsel was precluded from withdrawing the appeal because the defendant could not communicate whether he wished to withdraw his appeal in light of his death. Although rule 1.4 of the Rules of Professional Conduct provides that a lawyer is obligated to communicate with his or her client, and states in subsection (b) that a lawyer "shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation," the death of a client challenging the legality of his sentence necessarily ends the lawyer's obligation under the rule. Furthermore, we believe that a withdrawal of the appeal pursuant to Practice Book § 63-9 would have been much more consistent with counsel's obligations under rules 3.1 and 3.2 of the Rules of Professional Conduct, in that it would have conserved the resources expended by the state on what was an unnecessary hearing.

The appeal is dismissed.