STATE OF CONNECTICUT *v.* ROBERT LEE GRAHAM
(SC 20153)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Kahn, Ecker and Vertefeuille, Js.

Argued September 16, 2020—officially released February 4, 2021*

*Procedural History*

Substitute information charging the defendant with the crime of murder, brought to the Superior Court in the judicial district of Hartford, where the court, *Gold, J.,* denied in part the defendant's motions to suppress certain evidence; thereafter, the case was tried to the jury before *Gold, J.*; verdict and judgment of guilty, from which the defendant appealed to this court. *Appeal dismissed.*

*Mark Rademacher*, assistant public defender, for the appellant (defendant).

*Nancy L. Walker*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, former state's attorney, and *Vicki Melchiorre* and *Richard Rubin*, senior assistant state's attorneys, for the appellee (state).

Instructions for Use in the District Court, Instruction 3.740, available at https://www.mass.gov/doc/3740-omissions-in-police-investigations/download (last visited January 21, 2021).

* February 4, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

State *v.* Graham

*Opinion*

PER CURIAM. After this case was argued, defense counsel notified this court that the defendant and appellant, Robert Lee Graham, died while in the custody of the Commissioner of Correction on January 8, 2021. Defense counsel did not request any specific disposition of this appeal as a result of the defendant's death. Consistent with the past practice of this court, therefore, we dismiss the appeal as moot. E.g., *State* v. *Bostwick*, 251 Conn. 117, 118–19, 740 A.2d 381 (1999); *State* v. *Trantolo*, 209 Conn. 169, 170, 549 A.2d 1074 (1988); *State* v. *Granata*, 162 Conn. 653, 653, 289 A.2d 385 (1972); *State* v. *Raffone*, 161 Conn. 117, 120, 285 A.2d 323 (1971); see also *Dove* v. *United States*, 423 U.S. 325, 325, 96 S. Ct. 579, 46 L. Ed. 2d 531 (1976) (dismissing petition for writ of certiorari as moot). We leave for another day the question of whether the better course of action in such cases, followed by the majority of our sister courts, would be to vacate the judgment of conviction and to remand with instructions to dismiss the indictment ab initio. See, e.g., *United States* v. *Mollica*, 849 F.2d 723, 725–26 (2d Cir. 1988) (vacating judgment of conviction and dismissing indictment as to deceased appellant); *State* v. *Trantolo*, supra, 174 (*Healey, J.*, dissenting) ("the great majority of courts that have considered the problem have ruled that death pending appellate review of a criminal conviction abates not only the appeal but also the proceedings had in the prosecution ab initio"); J. Derrick, "Abatement Effects of Accused's Death Before Appellate Review of Federal Criminal Conviction," 80 A.L.R. Fed. 446, 448, § 2 (1986) (stating majority rule).

The appeal is dismissed.