ARMANDO CRUZ *v.* MANUEL PERIU ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE NO. 281950
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed December 12, 1984

*David J. Morrissey,* for the plaintiff.

*John R. Fitzgerald,* for the named defendant.

*Timothy F. McNamara,* for the defendant Wellington Leisure Products, Inc.

*Gerald R. Swirsky* and *Timothy F. McNamara,* for the defendant Caldor, Inc.

CORRIGAN, J. The plaintiff brings this action for injuries sustained when a rope, which was to maintain the branch of the tree he was cutting, broke and the resulting vibration hurled him to the ground from the tree. He has sued the owner of the premises who provided the rope and the manufacturer and the retailer of the rope. The counts against the manufacturer and the retailer are brought in products liability and the count against the owner in negligence. The allegations of negligence specified against the owner are that he knew or in the exercise of reasonable care and inspection should have known that (1) the rope was unsafe, improper and insufficient for the use and purposes intended, and (2) use of the rope subjected the plaintiff to an unreasonable and foreseeable risk of bodily injury; and that the defendant failed to warn the plaintiff of the foreseeable risk of bodily injury in utilizing the rope for a purpose and use for which it was not intended. The owner has cross complained in indemnity against the other two defendants and the defendant Wellington Leisure Products, Inc., moves to strike that complaint on the ground that it fails to state a recognizable cause of action in that it seeks contribution from an alleged joint tortfeasor.

It is not permitted to seek contribution from a joint tortfeasor. *Fox* v. *Fox,* 168 Conn. 592, 595, 362 A.2d 854 (1975). General Statutes § 52-572h, which sets up the comparative negligence standard, does not change the prohibition of suits between joint tortfeasors. *Gomeau* v. *Forrest,* 176 Conn. 523, 526–27, 409 A.2d

1006 (1979). The defendant owner, however, claims to fall within the exception allowing indemnification from a party chargeable with active or primary negligence. *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 415–16, 207 A.2d 732 (1965). The essential elements for finding indemnification for primary negligence are that: (1) the third party defendant was negligent; (2) its negligence rather than another's was the direct and immediate cause of the injury; (3) it had exclusive control of the situation; and (4) the party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it, and could reasonably have relied on the charged party to act without negligence. Id., 416. The third party complaint as pleaded alleges that the plaintiff's complaint claims injuries were caused by the failure of the tensile strength of the rope manufactured by the movant. The owner claims that he had no reason to anticipate such negligence, and could reasonably have relied that the movant would be without negligence. The facts alleged must be construed in the manner most favorable to the pleader. *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 472, 427 A.2d 385 (1980). They appear to state each essential element of primary negligence. Likewise, they fall within the specifications of negligence alleged against the owner, although it is possible for a factfinder to find the owner a joint tortfeasor to whom indemnification is not warranted.

The motion to strike is therefore denied.