[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON CROSS-CLAIM DEFENDANT'S MOTION TO STRIKE
The main action results from an accident that occurred September 9, 1995 in which plaintiff Josephine Satula fell and was injured while walking on a tiled patio floor at the premises of the Joseph Slivka Center for Jewish Life at Yale in New Haven, situated at 80 Wall Street — property owned by Yale University. Ms. Satula alleges that the improper design and construction of the tiled patio floor caused her accident. The complaint consists of one count of negligence against each of five defendants: Yale University; The Friends of Yale Hillel Foundation Inc.; the architectural firm of Roth and Moore, Inc. (Roth and Moore); The Stone Building Company (Stone); and Dimeo Construction Company (Dimeo). Stone was the general contractor on the Slivka Center project, and Dimeo was a subcontractor and the installer of the patio floor.
Subsequent to the filing of the main complaint, defendants CT Page 14264 Stone and Dimeo filed a revised cross-complaint against fellow defendant Roth and Moore seeking an indemnification judgment for any liability which may result from Ms. Satula's action. As cross-claim plaintiffs, general contractor Stone and subcontractor Dimeo also seek reimbursement of expenses and costs of investigating and defending the action. They also seek attorney fees and money damages. The architectural firm of Roth and Moore responded by moving to strike the cross-claim on the ground of legal insufficiency.
A motion to strike may be filed when a party wishes to contest the legal sufficiency of the allegations of a complaint, including a cross-claim, to state a claim upon which relief may be granted. CT Practice Book Sec. 10-39. While no facts can be alleged in a motion to strike Blanchard v. Nichols,135 Conn. 391, 392, 64 A.2d 878 (1949), the facts alleged in a cross-complaint are to be construed in the most favorable way for the cross-complainant. See Amodio v. Cunningham,182 Conn. 80, 438 A.2d 816, 817 (1980).
In their cross-claim, general contractor Stone and subcontractor Dimeo allege that if any liability is proven, it must be attributed to the negligent conduct of architect Roth and Moore. Stone and Dimeo allege that at all times they constructed and built the patio floor in accordance with design and construction specifications imposed upon them by Roth and Moore. They allege that Roth and Moore had exclusive control over the situation and that Roth and Moore's negligence was active, direct, and primary, while their own conduct was passive and secondary. They claim they had no reason to know of, or to anticipate, negligence on the part of Roth and Moore, and they claim that they relied on Roth and Moore not to be negligent. The court is obliged to construe the cross-complaint "in the manner most favorable to sustaining its legal sufficiency." Michaud v.Warwick, 209 Conn. 407, 408, 551 A.2d 738 (1988).
Generally, contribution from a joint tortfeasor is not permitted Cruz v. Periu, 486 A.2d 666, 667 (Conn.Super. 1984), citing Fox v. Fox, 168 Conn. 592, 595, 362 A.2d 854 (1975), but an exception exists allowing indemnification from a party charged with active or primary negligence by a party who is secondarily negligent. Cruz at 667, citing Kaplan v. Merberg WreckingCorporation, 152 Conn. 405, 415-16, 207 A.2d 732 (1965). To seek indemnity on such ground, the charging party must show that (1) the indemnitor was negligent; (2) the indemnitor's negligence CT Page 14265 (rather than the indemnitee's) was the direct, immediate cause of the injury; (3) the indemnitor was in control of the situation to the exclusion of the indemnitee; (4) the indemnitee did not know of the indemnitor's negligence, had no reason to anticipate it, and could reasonably rely on the indemnitor not to be negligent.Kaplan at 738.
General contractor Stone and subcontractor Dimeo have pled the necessary four elements under the Kaplan test. However, architect Roth and Moore argues that the cross-complaint is legally insufficient on the element of exclusive control. The supreme court defined "exclusive control over `the situation' as exclusive control over the dangerous condition giving rise to the accident." Skuzinski v. Bouchard Fuels Inc, Inc., 240 Conn. 694,706, (1997). According to Roth and Moore, the mere admission by Stone and Dimeo that they constructed and built the patio precludes a reasonable juror from finding that the architectural firm could have exercized exclusive control of the situation. Roth and Moore further argue that the court must strike the crossclaim as a matter of law, because exclusive control by the architect is a factual impossibility under these circumstances.
To support its position, Roth and Moore cite the cases ofSkuzinski v. Bouchard Fuels, Inc. supra, and Torrington CountryClub v. Ply Gem, 12 CONN. L. RPTR. 53, 1994 WL 320228
(Doc. No. CV92 0061340; Conn. Super. 1994), but neither case is persuasive. Both cases involved third-party complaints, where main action defendants impleaded third-party defendants for indemnification. In each case a motion to strike was granted, because the defendant/third party plaintiff failed to allege facts sufficient to establish that the third-party defendant could have had exclusive control over the dangerous condition giving rise to the accident. In the present case, Stone and Dimeo, as contractors, clearly allege that architect Roth and Moore controlled the design and specifications of the project and that the design and specifications were at all times followed. Considering the circumstances of the working relationship among the parties, the facts alleged by Stone and Dimeo fall within the domain of reasonable possibility. Such factual assertions do not constitute unsupported legal conclusions, and they are regarded as correct for the purposes of the motion to strike.
In Skuzinski v. Bouchard Fuels, Inc., supra, the court held that, as a matter of law, a business owner who exercised exclusive control in failing to shovel snow from a sidewalk could CT Page 14266 not have exercised exclusive control over an accident caused by an unrelated party that occurred in an adjoining public roadway. The facts in Skuzinski offered a rare example of "special circumstances" where the issue of exclusive control became a matter of law. The court ruled that any reasonable juror could not conclude that the party failing to shovel had exercised exclusive control over the roadway accident. The instant set of circumstances are not "special", nor do they offer a rare example where exclusive control is factually impossible. The architectural firm of Roth and Moore admits direct involvement in the design and specifications of the tiled patio floor which is the alleged "dangerous situation" giving rise to the accident.
In Torrington Country Club v. Ply Gem, supra, — a product liability action and not an action in negligence — the court determined that a third party defendant-architect could not have exercised exclusive control over a defectively manufactured product as a matter of law, even though the architect had specified use of the product. The architect's responsibility in that case, the court reasoned, could only have been secondary to the manufacturer of the defective product. However, the instant case provides no allegations of defectively manufactured products, nor does the present question of exclusive control involve the tile or grout manufacturers. The architectural firm of Roth and Moore asserts the impossibility of their exclusive control based only on the fact that someone else physically put the tiles and grout in place. Roth and Moore fails to provide authority to justify this assertion.
General contractor Stone and subcontractor Dimeo, on the other hand, have alleged that they performed all work in accordance with the architect's requirements. Their allegations must be accepted as true in considering this motion to strike. Accordingly, for the foregoing reasons, the court finds that the cross-claim of general contractor Stone and subcontractor Dimeo is not legally insufficient.
The motion to strike is denied.
Clarance J. Jones, Judge